BOUTALL, Judge.
Appellants, Sallie Theodore and her husband, appeal from a judgment maintaining an exception of res judicata filed by the appellee, The Bank of New Orleans.
Originally, the Theodores filed a suit against BNO alleging two bases of recovery: First, that BNO had improperly withheld money which belonged to the plaintiffs; and second, to recover damages for defamation for certain statements made about the plaintiffs by employees of the bank. In that suit, a number of exceptions were filed by BNO. The trial judge maintained an exception of no cause of action and dismissed the suit. Plaintiffs filed for an appeal, but the appeal was dismissed due to the fact that it was not timely filed.
Plaintiffs then filed their second suit and to this suit a number of exceptions were again filed. One of these was an exception of res judicata which was maintained by the trial judge, dismissing the second suit. It is from this decision that this appeal is brought.
The problem presented for decision is solely the propriety of the judgment maintaining the exception of res judicata. The allegations in the two suits and the demands made are identical, except that in the second suit there is an additional statement which is simply a broadening of an original allegation in the first suit. The first suit alleged that the employee of the bank made statements to plaintiffs’ former neighbors that “they . . . took some money from the bank”. The second suit merely added the statement that the plaintiffs’ ex-neighbors understood the bank employee to mean that the plaintiffs had stolen some money from the bank.
We feel that this additional allegation is insufficient to remove this cause of action from the reach of res judicata. The basis of this ground for recovery by the plaintiffs is the utterance of the words. The understanding of the neighbors is a matter of evidence or proof to be considered in determination of the meaning of these words. A judgment sustaining an exception of no cause of action aimed at the merits of plaintiffs’ demand is a basis for a plea of res judicata. Laenger v. Laenger, 138 La. 532, 70 So. 501 (1915); Bruton v. Traders & General Insurance Company, 111 So.2d 816 (Orl.La.App.1959). We therefore affirm the trial judge’s decision as to the cause of action based on defamation.
Appellants sought recovery, however, on more than one ground. It appears to us that the judgment in the first suit was incorrect in that the exception of no cause of action was directed only toward the slander based prayer for recovery. Nevertheless, the trial judge dismissed the entire suit without consideration of the second demand, which concerns the improper withholding by the bank of appellants’ money. We hold that res judicata does not bar this cause of action.
Civil Code Article 2286 reads as follows:
“Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be between the same parties, and formed by them against each other in the same quality.”
In a recent decision, the Louisiana Supreme Court discussed the Civilian concept of res judicata and pointed out that it is of *31 much more limited application than the common law rule. Sliman v. McBee, 311 So.2d 248 (La.1975). The court further clarified the scope of the Louisiana res judicata doctrine in Sewell v. Argonaut Southwest Insurance Company, 362 So.2d 758 (La.1978). In that case, the following was stated:
“The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. La.Civ.Code arts. 2284-87, 3556(31); 2 M. Planiol, Civil Law Treatise, pt. 1, no. 54A(2), at 34-35 (11th ed. La.St.L.Inst.Transl.1959); Dixon, Booksh & Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. 611, 617, 622 (1977). It is evident from a decree which expressly grants or rejects a thing demanded that the matter has been adjudged. A demand may also be impliedly rejected by the silence of a judgment which fails to grant the demand, provided that the matter has been actually litigated and finally adjudged so that it became an “object of the judgment.” La. Civ.Code art. 2286. Thus, when a litigant interposes a plea of res judicata, the court must examine not only the pleadings but also the entire record in the first suit, to determine whether the availability of the particular form of relief sought in the second suit was actually ruled upon. See, Dixon, Booksh & Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. at 622.”
It is clear from examination of the record in the first suit that appellants’ prayer for recovery based on money improperly withheld and damages thereon was never litigated, disposed of, or “finally adjudged” in any way. We feel that barring the appellants’ suit for the money withheld would be an improper application of res judicata as developed in our Civil Law tradition. Civil Code Article 2286 simply does not extend to this case.
Under the above rules, we hereby affirm the trial judge’s action in maintaining the exception of res judicata as to the prayer for recovery on defamation and reverse as to the prayer for money improperly withheld and damages thereon. We remand the case to the trial court for further actions not inconsistent with this judgment. All costs of this appeal are to be paid by the appellee, The Bank of New Orleans.

AFFIRMED IN PART, and REVERSED IN PART.