PONDER, Judge.
Plaintiff appealed from the dismissal with prejudice of its suit for breach of a collective bargaining agreement on an exception of res judicata.
The issues are that of the correctness of the dismissal and jurisdiction.
We reverse.
Plaintiff and Altex Ready Mixed Concrete Corporation entered into a collective bargaining agreement effective from February 17,1975 until February 19,1978. The agreement contained a provision that if Al-tex or its owners directly or indirectly, through subsidiaries or otherwise, acquired a controlling interest in additional operations or businesses of a similar nature, the employees covered by the jurisdiction of the union would be employed under the same *326 terms and conditions as the agreement provided for Altex, provided they were not already represented by another labor organization. Plaintiff filed suit against Altex, B & B Gravel Co., Inc., Wallace Heck, Sr., Wallace Heck, Jr., Janet Heck and Shirley Heck for breach of this agreement. Plaintiff claimed that B & B Gravel and Amco Construction Company were such acquisitions. This suit was dismissed with prejudice by plaintiff.
Plaintiff and Altex entered into a new contract effective March 16,1978 until February 22, 1981. This agreement had the same provisions relevant in this suit as the previous agreement.
Plaintiff filed suit against Altex, Amco Construction Company, Wallace Heck, Sr., Wallace Heck, Jr., Raymond Heck, Shirley Heck and Janet Heck. Plaintiff again claimed Amco Construction was an acquisition that fell under the provision. The trial court sustained an exception of res judicata because of the dismissal of the first suit.
Appellant raises the question of the jurisdiction of the court on the ground that the National Labor Relations Board has exclusive jurisdiction over representational cases. We believe the lower court had jurisdiction to determine whether the contract between plaintiff and defendant was breached. The issue of an unfair labor practice was not before the court. The court did not consider appropriateness of the bargaining unit, a matter within the exclusive jurisdiction of the National Labor Relations Board. Therefore we find the trial court correctly overruled the exception to subject matter jurisdiction. William E. Arnold Co. v. Carpenters District Council, 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974).
Res judicata requires the identity of the thing demanded, the cause of action, and parties in the same capacity. Civil Code Article 2286. Miller v. East Ascension Telephone Company, Inc., 331 So.2d 182 (La.App. 1st Cir. 1976). There is no doctrine of collateral estoppel in Louisiana. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978).
The doctrine is strictly construed. Coates Equipment & Service, Inc. v. Glover, 181 So.2d 455 (1st Cir. 1965). Any doubt as to compliance with the requirements is to be resolved in favor of the plaintiff.
In the first suit, Amco Construction was named in the petition but was never served. Therefore, the judgment can have no effect as to Amco Construction.
The contract, though its relevant provisions were the same as those in the contract involved in the first suit, was an entirely new one for a different time period and containing provisions that were different. An action for breach of the second contract is entirely different from an action for breach of the first. It is true that the remedies sought in the two suits are identical, but the remedies arise from different contracts. Sliman v. McBee, 311 So.2d 248 (La.1975), especially page 255 and footnote 14. The plea of res judicata therefore should have been overruled.
Therefore, the judgment of the trial court is affirmed in part and reversed in part. The case is remanded for other proceedings not inconsistent with the findings of this decision. The appellees are assessed with all costs of the appeal.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.