470 So.2d 334 (1985)
Wesley RHODES
v.
O'CONNOR-VALLS LABORATORY INC., Christopher Scott, August Bailey and ABC Insurance Company.
No. 85-CA-45.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
S. Michael Cashio, Kenner, for plaintiff-appellant.
Emmett, Cobb, Waits & Kessenich, John F. Emmett, New Orleans, for defendants-appellees.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
*335 GRISBAUM, Judge.
This is an appeal from a judgment sustaining an exception of res judicata and dismissing the plaintiff's action. We affirm.
We are called upon to determine whether the trial court erred in finding that the lawsuits brought by the plaintiff in state and federal courts present identical causes of action.
The procedural history reflects the plaintiff/appellant, Wesley Rhodes, filed concurrent actions in state and federal courts against the defendants/appellees, O'Connor-Valls Laboratory, Inc., Christopher Scott, and August Bailey, who are certified marine chemists, for injuries he allegedly received on December 16, 1980 when a pipe on which he was welding exploded aboard the S/T EXXON HOUSTON. The federal action initially named, as a party defendant, only Exxon Shipping Company; however, the action was later amended to include, as party defendants, the defendants named herein.
In the state court, the defendant filed an exception of lis pendens to stay proceedings pending a disposition of the action in federal court. The exception was sustained, and on May 13, 1983, the federal court trial commenced. Thereafter, the plaintiff elected to dismiss the defendants, O'Connor-Valls Laboratory, Scott, and Bailey, and to proceed solely against Exxon Shipping Company. Subsequent thereto, he filed a motion pursuant to Rule 41(a) of the Federal Rules of Civil Procedure requesting a voluntary dismissal of these parties with prejudice. The motion was granted by the federal court and entered on May 17, 1983. Subsequent to a hearing before a jury, the defendant, Exxon Shipping Company, prevailed on the merits, and the federal court entered a judgment in its favor. The defendants then filed a peremptory exception of res judicata in the state court which exception is the subject of this appeal.
Louisiana Revised Statute 13:4231[1] provides the following:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Our jurisprudence has given us certain guidelines in exercising our standard of review. We note the doctrine of res judicata cannot be invoked unless all its essential elements are present, and each necessary element must be established beyond all question. Hancock v. Lincoln American Life Insurance Company, 278 So.2d 561 (La.App. 1st Cir.1973). Additionally, because the doctrine of res judicata is to be interpreted stricti juris, any doubt as to compliance with its requirements is to be resolved in favor of the plaintiff. General Truck Drivers, Warehousemen and Helpers Local Union No. 5 v. Altex Ready-Mixed Concrete Corporation, 385 So.2d 325 (La. 1st Cir.1980).
For purposes of res judicata, "cause of action" essentially refers to grounds upon which the demand is based. Lamb v. Lamb, 411 So.2d 1 (La.1982). The requirement that the demand be founded on the same cause of action refers to the fact or facts giving rise to the judicial relief sought or to the principle generating the right asserted. Thibodaux v. Burns, 340 So.2d 335 (La.App. 1st Cir. 1976).
Our Supreme Court defined the meaning of cause in Mitchelle v. Bertolla, 340 So.2d 287 (La.1976) and quoted from Freeman, Law of Judgments, § 681, 1437-38:
There is an obvious distinction between grounds of action and cause of action; a single cause of action may be based upon several grounds, in which event, whether actually litigated or not, they are all merged in the judgment which bars a new action on the same cause of action on a different ground.
*336 The plaintiff contends the cause of action is different in state court from that in federal court in that the cause of action in federal court was limited to a claim brought under general maritime law, specifically Section 5(b) of the Longshoreman's and Harbor Worker's Compensation Act, 33 U.S.C. 901 et seq. The state court action, on the other hand, the plaintiff contends, was brought pursuant to Louisiana Civil Code article 2315. The record reflects, however, the petition filed in state court presents the very same allegations as the complaint filed in federal court.
In applying our jurisprudential guidelines, we find it clear that the "cause" of both the federal and state actions is the alleged negligence of the defendants in causing the plaintiff's injuries of December 16, 1980. Although the plaintiff may be entitled to relief under more than one statute, there is only one theory of recovery, i.e. the defendant's, and one set of facts upon which he is basing his claim for relief. Thus, the two causes of action are identical, and the plaintiff's action in state court was properly dismissed in accordance with the doctrine of res judicata.
For the reasons assigned, the judgment of the trial court is affirmed; all costs of this appeal are to be assessed against the appellant.
AFFIRMED.
NOTES
[1] This provision formerly appeared in Louisiana Civil Code article 2286.