504 So.2d 1149 (1987)
Sylvester WATSON
v.
AMITE MILLING CO., INC.
No. 86-CA-668.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1150 Alonzo T. Stanga III, Metairie, for plaintiff-appellant.
Jeffrey C. Napolitano, Sutherland & Juge, New Orleans, for defendant-appellee.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal relates to a worker's compensation dispute. From the trial court's judgment maintaining the defendant-employer's "exception of res judicata, and alternatively, no cause of action,"[1] the plaintiff appeals. We set aside and amend.
We are called upon to determine two specific issues:
(1) Whether the trial court erred in its finding that the plaintiff accepted the Office of Workers' Compensation Administration (OWCA) recommendation by virtue of the "conclusive presumption" of La.R.S. 23:1310.1(A); and
(2) Whether the plaintiff's claim for worker's compensation benefits has been perempted by his failure to reject the OWCA recommendation timely, thereby warranting the trial court's maintenance of the "exception of res judicata, and alternatively, no cause of action."

*1151 FACTS
The plaintiff, Mr. Sylvester Watson, while in the course and scope of his employment, was injured in an automobile accident in October of 1983. Due apparently to Watson's return to work at a wage equal to or greater than his pre-injury wage, benefits were discontinued on June 13, 1985, and the employer filed a claim with the OWCA. The OWCA issued a recommendation dated July 16, 1985 wherein it stated that "temporary total benefits be paid to Sylvester Watson from October 21, 1983 through June 13, 1985." This recommendation further stated that each party had 30 days to accept or reject the recommendation, and failure to do either would be conclusively presumed to be an acceptance. Mr. Watson did not reject the recommendation, nor did he inform his attorney of its contents. On September 19, 1985, the OWCA issued a certificate certifying that no party had rejected the recommendation.
The plaintiff filed suit in the Twenty-Fourth Judicial District Court on December 26, 1985, seeking worker's compensation benefits, as well as a determination that he did not accept the OWCA recommendation. The defendant-employer filed the exception of prematurity with the answer on February 7, 1986. Thereafter, the defendant-employer filed an "Exception of Res Judicata and alternatively, No Cause of Action. The trial court maintained the "exception" and dismissed the plaintiff's suit with prejudice.[2]

ANALYSIS
La.R.S. 23:1310.1(A), as it read in 1985 at the time of this dispute, states:
A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties. (emphasis added)[3]
Applying the statute literally, it is undisputed that no rejection was entered by either party within the allotted 30-day period. The plaintiff now seeks to overturn the operative, conclusive presumption of acceptance, pointing out his lack of education, along with the allegedly misleading wording of the recommendation.
The record shows that the plaintiff is 60 years old and did not complete the sixth grade of school, although he admits he can read and in fact did read the letter of recommendation. Furthermore, Mr. Watson had been continuously assisted by counsel since early 1984, but he did not contact his attorney concerning the recommendation. He frankly admits he misunderstood the letter, believing it was restoring his benefits at $167.66 per week. The language of the letter of recommendation is as follows:
It is the recommendation of this Office that temporary total benefits be paid to Sylvester Watson from October 21, 1983 through June 13, 1985. Compensation *1152 has been calculated at the rate of $167.66 per week based on an average weekly wage of $251.49. In addition, all related medical expenses should be paid in accordance with the Act.
We find this language, in the common use of the terms contained, to be clear, unambiguous, and unequivocal. Benefits are categorized as "temporary," and the start and end of the term are provided by specific dates. In addition, this letter contains explicit instructions as to acceptance or rejection of the recommendation. Even assuming Mr. Watson's education was not sophisticated enough for him to understand the letter, he previously had been assisted by counsel in this matter several times prior and, out of sheer prudence, could have sought an opinion in this instance. Certainly he recognized June 13, 1985 as a date which had already passed. Accordingly, we find that a valid acceptance was made by the plaintiff by virtue of the "conclusive presumption" of La.R.S. 23:1310.1(A).
We now address whether the trial court erred in maintaining the exception of res judicata, and alternatively, no cause of action. Initially, we recognize our jurisprudential mandate which states the doctrine of res judicata is to be interpreted stricti juris, and any doubt as to compliance with its requirements is to be resolved in favor of the plaintiff. Rhodes v. O'Connor-Valls Laboratory, Inc., 470 So.2d 334 (La.App. 5th Cir.1985). To maintain a plea of res judicata, the formula derived in Louisiana jurisprudence states there must be identity in the two suits as to the thing demanded, the demand must be founded on the same cause of action, and the demand must be between the same parties. Grain Dealers Mutual Ins. Co. v. Hardware Dealers Mutual Fire Ins. Co., 196 So.2d 650 (La.App. 1st Cir.1967). The "thing adjudged" is that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been affirmed on appeal. Zeringue v. Zeringue, 442 So.2d 1211 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1229 (La.1984). On the trial of an exception of res judicata, evidence may be introduced. Hancock v. Lincoln American Life Ins. Co., 278 So.2d 561 (La. App. 1st Cir.1973), writ denied, 281 So.2d 754 (La.1973).
On the other hand, the peremptory exception of no cause of action raises a question as to whether our law affords any remedy to the plaintiff under the allegations of its petition. In determining whether the plaintiff's petition stated a cause of action, this court must look only to the face of the petition and attached documents and must accept as true all well-pleaded facts in the petition and attached documents. Fidelity & Casualty Co. of New York v. Bordelon, 428 So.2d 1162 (La.App. 5th Cir. 1983). Unlike the exception of res judicata, no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931; Ustica Enter., Inc. v. Costello, 434 So.2d 137 (La.App. 5th Cir. 1983).
In light of this jurisprudence, we consider the 1983 amendments to our worker's compensation law to sort out the procedural quagmire in which the plaintiff now finds himself. By its own terms, La.R.S. 23:1311 is not applicable to this case as it clearly contemplates a party's rejection of the office's recommendation. The defendant argues that the failure to timely reject the recommendation acts to perempt, or destroy, the plaintiff's cause of action for worker's compensation benefits, citing Schulin v. Serv. Painting Co. of La., 479 So.2d 939 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986). Specifically, the First Circuit held:
We hold that La.R.S. 23:1310.1 establishes a peremptive period. Thus, an interested party to a bona fide dispute involving a worker or a former worker's statutory dependent, be it the claimant, insurer, or employer, must reject the recommendation for resolution and communicate that rejection to OWCA "within thirty days of receipt of the recommendation" or else the opportunity to reject ceases to exist. Simply mailing the rejection *1153 within 30 days will not suffice. The purported rejection by St. Paul came after the peremptive period expired and its attempted rejection was without legal effect, the privilege to reject having been forfeited. (emphasis their own and emphasis added)
Shulin, supra at 944. Importantly, the Shulin court says nothing of the cause of action being perempted, only the right to reject the recommendation.
More importantly, our brothers of the Third Circuit in Rich v. Geosource Wireline Serv., Inc., 490 So.2d 1165 (La.App. 3d Cir.1986), have analyzed:
If both parties accept the recommendation then R.S. 23:1331(C) applies. That paragraph says that "at any time after six months from the date of acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1." This statute gives a right to either party to subsequently apply to the director for a review of the earlier recommendation in order to seek a modification. The right of review does not exist until six months after the date of the acceptance of the prior recommendation. Since the right of review of the prior recommendation is not limited to a recommendation finding disability and in favor of compensation, a recommendation denying compensation is likewise subject to review. This construction of the statute is bolstered by the fact that it provides a right of review only of a "judgment of compensation by the district court" but does not so distinguish the right of a party to review "the recommendation." It also gives both parties the right to have the recommendation reviewed, and surely a claimant who is denied compensation by the recommendation and who inadvertently fails to reject the recommendation timely should be permitted to exercise his right to review to seek a modification of the prior recommendation. (emphasis their own and emphasis added)
Rich, supra at 1171; See also Disotell v. Wadsworth Golf Constr. Co. of the Southwest, 500 So.2d 371 (La.1987) and Johnson, H. Alston, Bound in Shallows and Miseries: 1983 Amendments to the Workers' Compensation Statute, 44 La.L.Rev. 669 (1984). We agree.
Consequently, applying La.R.S. 23:1331(C), we find the "recommendation" was issued on July 16, 1985. Thereafter, allowing 30 days for acceptance, the six-month period commenced on August 15, 1985. Therefore, under La.R.S. 23:1331(C), the plaintiff could not have sought review of the initial determination until after February 15, 1986. Accordingly, the suit which was filed on December 26, 1985 was clearly subject to the defendant's exception of prematurity strictly on the grounds the "period" had not yet elapsed. However, this aspect is now moot since the trial occurred on June 6, 1986, well after the six-month period. Nonetheless, we find the defendant's exception of prematurity is viable on the basis of La.R.S. 23:1331(C).
For the reasons assigned, that part of the judgment which maintains the exception of res judicata, and alternatively, no cause of action is set aside. That part of the judgment which dismisses the suit with prejudice is amended to read "Dismissed without prejudice." All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND AMENDED.
NOTES
[1] Unfortunately, a single judgment on the exceptions was signed by the trial court resulting from one hearingwe are not privy to which of the exceptions was maintained.
[2] The minutes for June 6, 1986 reflect that the exception was denied. However, the judgment rendered the following month maintained the exception. The transcript indicates the minutes are in error.
[3] Subsequently amended by Act 926, § 1 of 1985.