541 So.2d 398 (1989)
William G. FARRELL
v.
Harry J. BOYER, and Delgado College, a Division of the State Board of Trustees for Colleges and Universities, State of Louisiana.
No. 88-CA-1567.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1989.
*399 Madeleine M. Slaughter, Covington, for plaintiff.
Harry J. Boyer, Jr., New Orleans, William J. Guste, Jr., Atty. Gen., Winston G. DeCuir, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for defendants.
Before BARRY, BYRNES and LOBRANO, JJ.
BARRY, Judge.
William Farrell appeals a judgment which dismisses his petition and maintains the defendants' exceptions of no cause of action.
Farrell filed suit for $3,010,000 against Harry Boyer, Delgado College President, Delgado College, the Board of Trustees for State Colleges and Universities and their insurer. He alleged that his wife, Colleen Farrell, had been employed as Boyer's assistant between December 15, 1986 and August, 1987 when she and Boyer began an affair.
Farrell claimed his opportunity to have a happy marriage was destroyed by the intentional and negligent acts of Boyer, who was acting in his capacity as president of Delgado College and using Delgado property. Boyer's actions allegedly violated ethical standards and breached his duty of care. Farrell further alleged the negligence of Delgado and the Board of Trustees since they allegedly had knowledge of Boyer's amorous propensities with employees, they took no action to discipline Boyer, and allowed him to use college monies to fund his adulterous activities.
Boyer and Delgado College, through the Board of Trustees, filed exceptions of no cause of action. They argued that Louisiana courts do not recognize a cause of action for alienation of affections and that the allegations in the petition failed to show Boyer's actionable negligence.
Farrell lists six trial court errors on appeal: (1) failure to recognize that the pleadings stated several causes of action; (2) failure to find violations of La.R.S. 42:1115 and 42:1116; (3) failure to find available a civil action by Farrell under R.S. 42:1155; (4) failure to recognize Farrell's cause of action against the Board of Trustees under La.R.S. 23:1006; (5) failure to recognize the Board's breach of duty to review expenditure of state funds; and (6) acceptance of the defendants' argument that the basis of Farrell's causes of action was alienation of affection.

SPECIFICATIONS 1, 2 AND 3
Farrell argues that his petition states a cause of action for Boyer's breach of the Code of Government Ethics as set out in La.R.S. 42:1101 et seq., in that he did not treat Colleen Farrell in a professional and ethical manner. He alleged a violation of La.R.S. 42:1116, which provides that no public servant shall use his authority directly or indirectly "to compel or coerce any person or other public servant to provide himself ... with anything of economic value." Farrell contends that Boyer used his authority to compel Colleen Farrell to engage in an affair and to provide sexual favors. That argument is not persuasive.
Farrell next argues that his wife's sexual favors could be considered a gift under La.R.S. 42:1115 which prohibits solicitation or acceptance of gifts from any person seeking to do business with the agency or to influence legislation. Colleen Farrell's status as an employee seeking promotion at the college does not fit within the purview of this prohibition.
Violations of the Code of Governmental Ethics as set out in La.R.S. 42:1101 et seq. may give rise to a civil cause of action according to La.R.S. 42:1155 which provides in pertinent part:
On behalf of the governmental entity, the attorney general, district attorney, or the appropriate ethics body may bring a *400 civil action against any public servant who, to his economic advantage, has acted in violation of this Chapter.
The statute envisions suits by a public agency or official and limits recovery to an "amount equal to such economic advantage" as the public official has received as a result of his violative activity. The public may bring violations to the attention of the proper State Commission which will take appropriate action, including the filing of suit. Suits by private citizens and a husband in Farrell's situation are not covered by the statutory scheme.
These arguments have no merit.

SPECIFICATION 4
Farrell argues that the Board of Trustees knew of Boyer's amorous propensities with employees, but allowed him to use college funds. By inaction the Board allegedly condoned intentional employment discrimination proscribed by La.R.S. 23:1006, which provides for suits by an employee who suffered the effects of the discrimination.
Farrell does not qualify. Discrimination is not mentioned in Farrell's petition. La.C.C.P. Art. 686 does not create a community right in such an action based on discrimination.
This argument has no merit.

SPECIFICATION 5
Farrell argues the Board owed him, as the husband of a state employee and citizen, the duty to closely monitor the expenditure of funds and breached it. He does not explain the damages due him or the action which lies as to the use or misuse of college funds.
This argument has no merit.

SPECIFICATION 6
Farrell argues the basis for his cause of action was not solely alienation of his wife's affections, but also damage to his relationship with his wife in the nature of loss of consortium.
Louisiana jurisprudence does not recognize a cause of action for alienation of a wife's affections. It has been well settled that a party to a contract (such as the husband to a marriage contract) has no action for damages against a person, not a party to the contract, who induces a party to breach the contract. Moulin v. Monteleone, 165 La. 169, 115 So. 447 (1928); Ohlhausen v. Brown, 372 So.2d 787 (La. App.2d Cir.1979).
We note that the Louisiana Supreme Court has recently reconsidered its position totally barring all actions based upon tortious interference with contract in 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989). We do not find controlling here the Spurney opinion recognizing "only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." At p. 234.
The Supreme Court's decision in Moulin v. Monteleone, supra, that there is no action for damages for alienation of a wife's affections had several bases, only one of which related to the fact that there existed no cause of action for inducement to break a contract. The Court rightfully concluded:
A law that would allow the husband compensation in money for such a wrong would be revolting to a majority of men, and might tend more to encourage blackmail than to protect the home.

Moulin, 115 So. at 456-57.
Farrell seeks to use the inclusion of loss of consortium as an element of damages in a personal injury suit under the 1982 amendment to La.C.C. Art. 2315 as an indication that he can state a cause of action to recover such damages. Like the trial court, we reject that argument.
Since Farrell cannot amend his petition to state a cause of action under these unusual circumstances, there is no reason to remand under La.C.C.P. Art. 934.
The judgment of the trial court maintaining the defendants' exceptions of no cause of action is affirmed.
AFFIRMED.