563 So.2d 1341 (1990)
John R. KENNEDY, Plaintiff-Appellant,
v.
Lawrence EBARB, Defendant-Appellee.
No. 89-102.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1342 Wm. Dyess, Many, for plaintiff-appellant.
Brittain, Williams, Joe P. Williams, Natchitoches, for defendant-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
This is an appeal by plaintiff from a judgment sustaining defendant's exception of res judicata. We reverse and remand.
In 1986 plaintiff, John Kennedy, filed suit against defendant, Lawrence Ebarb, for damages for conversion of Kennedy's oil field equipment and for possession of the equipment. Kennedy's equipment had been left on Ebarb's property upon termination of an oil and gas lease entered into between Kennedy and Ebarb. Under the terms of the agreement terminating the lease, Kennedy had 60 days from the date of signing the agreement to remove his equipment from Ebarb's land. The termination agreement was signed on October 31, 1984. Ebarb filed an exception of prescription to the 1986 suit grounded on the one-year prescription applicable to tort actions (in this case the alleged conversion). On June 4, 1987 the trial court sustained the exception of prescription and dismissed the plaintiff's suit. The trial court gave no reasons for judgment, but inasmuch as it sustained the exception of prescription of the right to seek tort damages, the issue of ownership and right to remove the equipment was never reached.
The pleadings in the 1986 litigation did make an issue of ownership of the oil field equipment as well as the demand for damages for the tort of conversion. The defendant filed an answer to the 1986 petition in which he alleged that, because the plaintiff failed to remove the equipment within the 60-day period, the property became the plaintiff's property. At the same time he filed his answer, the defendant filed his exception of prescription of the tort action. The exception of prescription was the only matter that ever came to trial. There was no trial of the issue of ownership or the right to remove the equipment, therefore those issues remain unresolved.
In 1988 Kennedy filed the current petition for a declaratory judgment to determine ownership of the oil field equipment. In his petition Kennedy prays that he be declared owner of the equipment and that he be permitted to remove the equipment from Ebarb's property. Ebarb filed an exception of res judicata to Kennedy's petition for declaratory judgment which the trial court sustained. Kennedy appeals from the judgment sustaining the exception of res judicata.

OPINION
Under the exception of res judicata as provided in LSA-C.C.P. art. 927 and based on LSA-R.S. 13:4231 (formerly LSA-C.C. art. 2286), the authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality. Mai v. Mai, 419 So.2d 1251 (La.App. 3d Cir.), writ denied, 420 So.2d 970 (La.1982). The doctrine of res judicata is stricti juris and any doubt as to its application must be resolved in favor of maintaining the action. McNeal v. State Farm Mut. Auto. Ins. Co., 278 So.2d 108 (La.1973); Mai v. Mai, supra.
Kennedy contends on appeal that the "thing demanded" is not the same in *1343 both suits. The "thing demanded" has been defined as the "kind of relief sought." Ryan v. Grandison Trust, 504 So.2d 844 (La.1987). In his suit for conversion, Kennedy sought damages for tortious conversion of his property and the return of his property. In the present suit for a declaratory judgment (the second suit filed in 1988), Kennedy seeks a determination of his ownership rights in the property in light of the termination of lease agreement and the attendant circumstances and, in the event that he is held to be owner of the property, return of the property under the authority of LSA-C.C.P. art. 1878 which authorizes supplemental relief based on a declaratory judgment whenever proper.

CONCLUSION
The "thing demanded" in both suits includes a demand for recognition of ownership of and the right to remove the oil field equipment. However, as noted above there has never been an adjudication of these rights. There has never been a judgment as to these issues. The concept of res judicata relates only to the object of the judgment. LSA-R.S. 13:4231 and Theodore v. Bank of New Orleans & Trust Co., 365 So.2d 29 (La.App. 4th Cir.1978). The object of the judgment in the first suit was simply to sustain the exception of prescription. The sole effect (object) of that judgment was to provide that plaintiff was barred from pursuing his tort action for damages for the alleged conversion.
We hold that the trial court erred as a matter of law in sustaining the defendant's exception of res judicata in the suit before us (the second suit). The issues of ownership and right to remove are still viable. In so holding we do not pass on these issues. They are not before us. They are yet to be tried in the trial court. We make no suggestion as to what may have been the legal result of plaintiff's failure to remove his equipment within the 60-day period provided in the lease termination agreement.
Accordingly, for the reasons given, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.