573 So.2d 1159 (1991)
Perrin C. BUTLER
v.
O. William REEDER, Jr., D.M.D.
No. 90-C-459.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 1991.
Robert C. Stern, Butler & Stern, Metairie, for plaintiff-appellant.
Walter K. Jamison, III, Jamison & Philipp, Lafayette, Robert G. Creely, Amato and Creely, Gretna, Wiley J. Beavers, P.L.C., Metairie, for defendant-appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
KLIEBERT, Judge.
Plaintiff, Perrin C. Butler, appeals the trial court's grant of defendant's, O. William Reeder, Jr., D.M.D.'s, exception of no cause of action on a finding that 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989) does not extend to recognition of a cause of action for the intentional and/or tortious interference with a contract of marriage. We affirm.
Plaintiff's petition alleges his wife, Mary Ida Andrews, and defendant were involved in an adulterous affair instigated in whole or in part by the defendant. It is alleged the defendant made repeated requests of Mary Andrews to leave the matrimonial domicile and terminate her marriage with plaintiff. Ultimately, a divorce on grounds of adultery was granted to plaintiff.
Further, plaintiff alleges defendant intentionally, or alternatively, negligently or tortiously interfered with the marriage contract between plaintiff and Mary Andrews which caused plaintiff extreme and severe emotional and financial hardship, itemized as follows:
A. Mental anguish;
B. Emotional strain and upset;
C. Legal and related expenses incurred in his obtaining a divorce on the basis of adultery from Mary Ida Andrews;

*1160 D. Premature termination of the community of acquets and gains between Mary Ida Andrews and petitioner, leaving the community in debt and leaving petitioner in debt to both the Internal Revenue Service and private creditors;
E. Medical expenses.
As stated by this Court in Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112, 116 (5th Cir.1986):
"The peremptory exception of no cause of action raises the issue of whether any remedy is afforded by law for the particular grievance set forth by the plaintiffs.
* * * * * *
The purpose of the exception of no cause of action is to test the legal sufficiency of the pleadings. Well pleaded facts, as alleged in the petition, are taken as true, and if any reasonable construction of the facts could lead to possible legal recovery, the exception must be overruled.... The exception is triable solely on the face of the petition and any annexed documents.... No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action; it is only when the allegations of the petition establish that no relief can be granted under the law that the exception can be maintained." (Footnotes and citations omitted)
Plaintiff argues the Supreme Court in 9 to 5, supra, overruled Moulin v. Monteleone, 115 So. 447, 165 La. 169 (1927) and finds there is a cause of action for tortious interference with a marriage contract. We disagree.
In 9 to 5, supra, the Supreme Court did not actually overrule Moulin, supra, but overruled the principle that barred absolutely any action based on tortious interference with a contract. 9 to 5 Fashions, Inc. v. Spurney, supra, at 234. The Court went on to hold, at page 234:
"It is not our intention, however, to adopt whole and undigested the fully expanded common law doctrine of interference with contract, consisting of `a rather broad and undefined tort in which no specific conduct is proscribed and in which liability turns on the purpose for which the defendant acts, with the indistinct notion that the purposes must be considered improper in some undefined way.' W. Prosser & P. Keeton, The Law of Torts § 129, p. 979 (5th ed. 1984). Some aspects of this tort have been subjected to serious criticisms, leaving open a good many questions about the basis of liability and defense, the types of contract or relationship to be protected, and the kinds of interference that will be actionable. See W. Prosser & P. Keeton, Id.; Perlman, supra, Dobbs, Tortious Interference with Contractual Relationships, 34 Ark.L.Rev. 335 (1980). In the present case we recognize, as set forth particularly herein, only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person."

We agree with the Court of Appeal, Fourth Circuit, in Farrell v. Boyer, 541 So.2d 398 (4th Cir.1989) that 9 to 5, supra, did not overrule Moulin, supra, and that the Supreme Court rightfully concluded:
"A law that would allow a husband compensation in money for such a wrong would be revolting to a majority of men, and might tend more to encourage blackmail than to protect the home."
Moulin, 115 So. at 456-57.
Plaintiff argues this case is distinguishable from Moulin, supra, in that he attempts to state a cause of action for both, loss of consortium and a financial loss due to the termination of the community. We find this argument is without merit. The principle of law relied on by the Moulin and Farrell courts is applicable, has not been overruled by 9 to 5, and bars this type of action.
Thus, we find no error by the trial court in granting defendant's exception of no cause of action and that decision is affirmed. Further, since plaintiff cannot amend his petition to state a cause of action, there is no reason to remand under *1161 La.-C.C.P. art. 934. Each party to bear his own costs.
AFFIRMED.