613 So.2d 1141 (1993)
Marilyn CUCCIA and Rachel Cuccia
v.
JEFFERSON PARISH SCHOOL BOARD, First Horizon/INA Insurance Company and Roosevelt Lee.
No. 92-CA-783.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
Wayne A. Collier, New Orleans, for plaintiffs-appellants.
Linda M. Eckles, Metairie, for defendant-appellee.
Before GAUDIN, GRISBAUM and CANNELLA, JJ.
GRISBAUM, Judge.
This appeal concerns the trial court's grant of an exception of res judicata. We set aside.

FACTS
On February 17, 1986, the plaintiffs, Marilyn Cuccia, and Rachel Cuccia, a minor child, were driving in Ms. Cuccia's vehicle, when they came to a stop at the intersection of Airline Highway and Minor Street. Roosevelt Lee, who was driving a school bus owned by the Jefferson Parish School Board (JPSB), collided with a van owned by Security Van Lines (Security) and driven by Steven Dexter. The van then hit into Ms. Cuccia's automobile.
Suit was filed by the Cuccias naming Mr. Lee, the JPSB, and its insurer, First Horizon/INA Insurance Company, as defendants. These defendants filed a third-party *1142 demand against Mr. Dexter, Security and its insurer. In February 1989, the Cuccias amended their petition to add the third-party defendants as defendants in the principal demand.
In July 1991, the Cuccias filed a motion to dismiss, which was granted, with prejudice, on July 16, 1991. That motion contained the following language:
On motion of plaintiffs, Marilyn Cuccia and Rachel Cuccia through undersigned counsel, in the above entitled and numbered cause, and on suggesting to this Honorable Court that the above matter has been compromised and settled in full; and on further suggesting movers desire to dismiss this matter with prejudice, each party to bear its own costs;
IT IS ORDERED that the above entitled and number cause be and the same is hereby dismissed, with prejudice.
Security, after learning of this dismissal, filed an exception of res judicata on December 11, 1991. The trial court granted the exception and the Cuccias, complaining that the motion to dismiss mistakenly failed to identify the parties to be dismissed, have appealed.

ANALYSIS
The Cuccias argue that, because Security was not a party to the compromise and settlement which formed the basis of the motion to dismiss, the trial court erroneously granted the exception of res judicata. They further contend that Security was well aware of the fact that no compromise had been reached with it and that it basically took advantage of the error in the motion to dismiss by filing the exception. We agree that the granting of the exception of res judicata was improper, but we arrive at that conclusion for different reasons.
Louisiana law clearly indicates that "[t]he theory behind the doctrine of res judicata is that matters actually litigated and finally adjudged are presumed correct and thus, should not be contradicted in a subsequent suit." Lowe v. Prejean, 540 So.2d 436, 437 (La.App. 1st Cir.1989) (citation omitted) (emphasis added). Thus, "[t]o maintain a plea of res judicata, the formula derived in Louisiana jurisprudence states there must be identity in the two suits as to the thing demanded, the demand must be founded on the same cause of action, and the demand must be between the same parties." Watson v. Amite Milling Co., Inc., 504 So.2d 1149, 1152 (La.App. 5th Cir.1987) (citation omitted) (emphasis added). Furthermore, "the doctrine of res judicata cannot be invoked unless all its essential elements are present, and each necessary element must be established beyond all question." Rhodes v. O'Connor-Valls Laboratory, Inc., 470 So.2d 334, 335 (La. App. 5th Cir.1985) (citation omitted).
Here, an exception of res judicata is completely inapplicable. We are not confronted with a second suit to which an exception of res judicata could arguably be made; rather, we are presented with only a single lawsuit. Accordingly, the trial court erred in granting the exception.
What the Cuccias are attempting to do is to challenge the substance and validity of the motion to dismiss. The time for such a challenge, however, has elapsed.
Under La.C.C.P. art. 1673, "A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial." It is clear, therefore, that the voluntary dismissal signed by the Cuccias was a final judgment. Any attack on that judgment should have been made through an appeal. Since it was not appealed during the period for suspensive and devolutive appeals, that judgment became definitive.
For the reasons assigned, the trial court's judgment dated February 21, 1992 is hereby set aside. Each party to this appeal is to bear its respective costs.
SET ASIDE.
CANNELLA, J., concurs with reasons.
CANNELLA, Judge, concurring with reasons.
I agree with the majority holding that the trial judge erred in granting the peremptory exception of res judicata. However, I disagree with that portion of the opinion which declares that the Cuccia's defense *1143 to the exception of mistake is an untimely collateral attack on the compromise agreement. I believe the question was not at issue in this appeal.