GOTHARD, Judge.
This is an appeal of a trial court decision, granting defendant’s exception of res judica-ta and effectively dismissing the lawsuit. For the following reasons, we reverse and remand.
On March 6,1990, appellant, Perrin Butler, filed suit against appellee, Dr. William Reed-er, in the 22nd Judicial District Court for the Parish of St. Tammany. The suit, number 90-11068, sought damages for intentional infliction of emotional distress, arising out of Reeder’s alleged affair with Butler’s wife pri- or to their separation and divorce. Previously, on October 25, 1989, and November 16, 1989, Butler filed suit numbers 389-540 and 390-651 in the 24th Judicial Court for the Parish of Jefferson. Suit number 389-540 (the contract suit) named Reeder as defendant and alleged his intentional and/or tortuous interference with Butler’s marriage contract. Suit number 390-651 (the defamation suit) named as defendants Reeder, Butler’s *100 ex-wife, and two attorneys representing Mrs. Butler in the divorce proceeding, alleging a conspiracy to libel Mr. Butler during the divorce proceeding.[1] On May 7, 1990, a judgment was rendered in the contract suit, sustaining Reeder’s exception of no cause of action and dismissing the suit. The judgment was affirmed on appeal.[2]
In response to the 90-11068 petition filed in St. Tammany Parish, Reeder filed a decli-natory exception of lis pendens and exception and/or contradictory motion to char ge venue based on forum non conveniens. On August 16, 1990, a judgment was rendered, transferring 90-11068 to the 24th Judicial District Court, where it was docketed as suit number 420-977 (the emotional distress suit). Reed-er’s motion to consolidate the emotional distress suit with the defamation suit was denied on October 10, 1991. Reeder then filed an exception of res judicata or alternative motion to dismiss the emotional distress suit pursuant to Louisiana Code of Civil Procedure Article 425. Reeder argued that the complaints were previously adjudicated in the contract suit and/or the plaintiff attempted to divide a cause of action in contravention of LSA-Code Civ.Proc.Art. 425, and that the emotional distress suit should be dismissed. On December 15, 1992, judgment was rendered in favor of Reeder, granting his exception of res judicata pursuant to LSA-C.C. art. 3556(31) and LSA-R.S. 13:4231. Thereafter, Butler filed this appeal, arguing that the district court erred in finding that this court’s decision in Butler v. Reeder, supra, has a preclusive effect on this suit pursuant to the doctrine of res judicata; and that the district court erred, if it considered LSA-Code Civ.Proc. art. 425 in connection with its decision to apply the doctrine of res judicata in this case. For the following reasons, we find that the trial court erred in granting the exception of res judicata.
RES JUDICATA
The law of res judicata applicable to the present ease is set forth in the former LSA-R.S. 13:4231, which provided:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.[3]
Additionally, LSA-C.C. Art. 3506(31) [formerly LSA-C.C. Art. 3556(31) prior to its redesignation in 1991] defines the term “thing adjudged” as follows:
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not he, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.
In analyzing the law of res judicata, the Louisiana Supreme Court, in Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978), stated:
As a result of our civilian heritage, res judicata under Louisiana law is perceived to be much narrower in scope than its counterpart in common law jurisdictions. See 51 Tul.L.Rev. 611 (1977); Maloney, Preclusion Devices in Louisiana; Collateral Estoppel, 35 La.L.Rev. 158 (1974). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an *101 identity of the parties, (2) an identity of “cause” and (3) an identity of the thing demanded. C.C. 2285-2287, 3556(31); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The absence of any oí these identities is fatal to a plea of res judicata.
The applicable LSA-R.S. 13:4231 specifically states that “the demand must be founded on the same cause of action” for the doctrine of res judicata to apply. Since the contract suit was dismissed for failure to state a cause of action, and affirmed on appeal (Butler v. Reeder, supra), it is not possible to find that the emotional distress suit is founded on the same cause of action — the contract suit had no cause of action. Therefore, the doctrine of res judicata cannot apply to the situation before us.[4]
It is well settled that the doctrine of res judicata is stricti juris and “[a]ny doubt as to compliance with its requirements is to be resolved in favor of maintaining the plaintiffs action.” Greer v. State, 616 So.2d 811, 815 (La.App. 2nd Cir.1993), citing General Truck Drivers, Warehousemen and Helpers Local Union No. 5 v. Altex Ready-Mixed Concrete Corporation, 385 So.2d 325 (La.App. 1st Cir.1980); Kennedy v. Ebarb, 563 So.2d 1341 (La.App. 3rd Cir.1990).[5]
Therefore, we conclude it was error for the lower court to sustain defendant’s exception of res judicata. Accordingly, the judgment granting the exception of res judicata is reversed. The matter is hereby remanded for further proceedings.

REVERSED AND REMANDED.

. Also pending during this period was a dental malpractice claim filed by Mr. Butler against Dr. Reeder in Reeder's capacity as Mrs. Butler’s dentist.

. See Butler v. Reeder, 573 So.2d 1159 (La.App. 5th Cir.1991).

. R.S. 13:4231 has since been substantially amended by Acts 1990, No. 521. In addition to making substantive changes in the law of res judicata, Act No. 521 provided:
This Act shall become effective January 1, 1991, and shall apply to all civil actions filed on or after January 1, 1991. The preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991.
Since both the contract suit and the original emotional distress suit were filed before January 1, 1991, we will apply the res judicata law in effect prior to the amendments made by Act No. 521.

. The December 15, 1992 judgment in the emotional distress suit was rendered only on the lower court's erroneous interpretation of res ju-dicata. Whether the suit also fails to state a cause of action is not before us.

. See also Amerson v. D.O.T., 570 So.2d 51 (La.App. 5th Cir.1990), writ denied 575 So.2d 393 (La.1991).