MARCUS, Judge.
This is a suit for property damages arising out of an intersectional collision which occurred on January 31, 1967 at about 5:30 P.M. The weather was clear and dry and it was daylight at the time of the accident. The intersection involved was Louisiana Highway 19, a two-lane, two-directional, north-south highway with a 60 mile per hour speed limit and Thomas Road, a two-lane, two-directional, east-west road with a speed limit of 45 miles per hour. The intersection was controlled by a traffic signal which flashed red for Thomas Road and flashed yellow for La. Highway 19. These flashing lights were in mechanical operation at the time of the accident.
*180 Defendant, R. Richard Harper, was the owner and operator of a 1962 Mercury automobile and was insured under a public liability insurance policy by defendant, Employers’ Liability Assurance Corporation. Mr. Harper was approaching the intersection on La. Highway 19 and headed in a southerly direction.
Defendant, Alex J. Hunt, was the operator of a 1964 Ford pickup truck which was owned by his employer, defendant, AAA Construction Company, Inc., and insured under a public liability insurance policy by defendant, The Travelers Indemnity Company. Mr. Hunt was approaching the intersection on Thomas Road and headed in an easterly direction.
There was a collision between the two vehicles at the aforesaid intersection and as a result of the impact on the right side of the Harper vehicle, it was thrown out of control and thereafter collided with a vehicle belonging to the plaintiff, Edward E. Foster, which was parked and unoccupied at a service station at the southeast corner of the intersection.
The trial court held that Alex J. Hunt was negligent and that his negligence was the sole proximate cause of the accident and rendered judgment for the sum of $877.50 in favor of plaintiff, Edward E. Foster, and against Alex J. Hunt, his employer and its insurer and dismissed plaintiff’s suit against R. Richard Harper and his insurer. From this judgment Alex J. Hunt, his employer and its insurer have taken a suspensive appeal.
First, there is no dispute regarding the judgment in favor of plaintiff in the amount of $877.50. The only issue presented to this court is which of the two defendant drivers was at fault or whether the negligence of both drivers contributed to cause the accident.
The testimony of the various witnesses concerning the accident is inconsistent and contradictory as will be hereinafter noted. Hunt testified that he approached the intersection on Thomas Road headed in an easterly direction. He claims that he stopped just prior to reaching the intersection and, since a truck turning left into Thomas Road needed more room to clear the front of his vehicle, he pulled his truck forward towards the intersection and slightly to the right and came to a stop for the second time. He indicated that he was close to the intersection but not in it; however, his testimony was uncertain on this point. He further testified that after stopping the second time, he looked to his right (south) and saw a car driven by a colored lady which was a good ways back from the intersection but had her blinking light on to make a left turn. He claimed that thereafter he looked to his left (north) and saw Harper about 50 yards away and the accident occurred. His testimony was that there was about five seconds between his second stop and the time of the accident, and that Harper hit him. He also confirmed the testimony of the State Troopers that there were no skid marks.
State Trooper Paul A. Bush who was standing in front of the service station on the southeast corner of the intersection witnessed the accident. He confirmed the testimony of Hunt concerning the truck turning left onto Thomas Road but felt that Hunt’s vehicle had been moved out about 4 feet into the intersection. He also testified that the Harper vehicle hit Hunt’s truck. He estimated the damage to the front of Hunt’s truck at $300.00 and estimated the damage to the right side of Harper’s vehicle at $1000.00. He also estimated the speed of Harper at 70 miles per hour. He further testified that he saw no vehicle behind Hunt nor did he see the vehicle with the colored lady to which Hunt had referred nor did he see the school bus on Thomas Road east of the intersection. It should be observed that Trooper Bush had a prior acquaintance with Hunt and had been previously employed by his company.
*181 State Trooper Aubrey T. Davis witnessed the accident from approximately the same position as Trooper Bush. He estimated the speed of Harper at 60 miles per hour. He also did not recall seeing any vehicle behind Hunt but did see the vehicle coming North on La. Highway 19 to which Hunt had referred in his testimony. He felt that Hunt was attempting to cross the intersection and either his truck died or else he just stopped or was trying to back up to get out of the intersection. He further testified that Hunt had proceeded about 3 feet into the intersection and was stopped for about 5 seconds in this position when his vehicle was struck by Harper.
Harper testified that he was approaching Baton Rouge on La. Highway 19 in a southerly direction. He had traveled the road on many occasions. He further testified that upon reaching the entrance to a golf course which is about 1000 feet before the signal light, he observed a school bus stopped on his left (east) and two trucks stopped on his right (west). At this point he also took his foot off the accelerator and put it on the brake and coasted from there until he was hit. He admitted that he had never applied his brakes. He was very definite in his testimony that no cars made a left turn on to Thomas Road from the time he reached the golf course entrance until he was hit. He further testified that he was traveling between 45 and 50 miles per hour and kept his eyes on the intersection the entire time from the point of the golf course entrance until the time he was struck by Hunt.
Charles Winters testified that he was driving east on Thomas Road immediately to the rear of Hunt. He testified that Hunt stopped at the intersection and that he saw no truck or other vehicle turn left on to Thomas Road. He claimed that as he approached the intersection, he looked left (north) and saw the Harper vehicle approaching and then looked to his right (south) and saw the colore4 lady who was signaling to turn left on Thomas Road. He also observed the school bus on the east side of the intersection. His testimony was that Harper was traveling at about 45 to 50 miles per hour and the accident was caused by Hunt pulling off from a stopped position into the right side of the Harper vehicle.
It can readily be seen from the foregoing testimony that there are essentially two separate and distinct versions as to the manner in which the accident happened. One as set forth by Alex J. Hunt, and Troopers Bush and Davis and the other as set forth by R. Richard Harper and Charles Winters. The Trial Judge in his oral reasons for judgment said that he considered Mr. Charles Winters was in the best possible position to observe what took place at the intersection as he was bumper to bumper with Mr. Hunt, both of them having stopped at the intersection. He additionally indicated that he felt Mr. Winters “had no axe to grind with the case” and was telling the truth.
We feel that the aforesaid findings of fact by the Trial Judge are entitled to great weight as he had the benefit of observing each witness on the stand and heard and saw each describe his observation point and the events before, during, and after the accident and also had the opportunity to weigh the credibility and interest of each witness. After carefully reviewing the record, we concur with the findings of the trial court. We certainly do not think that the Judge a quo committed manifest error in these determinations.
For reasons hereinafter stated, we are of the further opinion that the Trial Judge properly applied the applicable law to the aforesaid findings of fact.
LSA-R.S. 32:234 sets out the duty of drivers of motor vehicles when approaching flashing signals, such as the one used to control traffic at the intersection involved in this collision. It provides:
“A; Whenever an illuminated flashing red or yellow signal is used in a traffic *182 sign or signal, it shall require obedience by vehicular traffic as follows:
(1) FLASHING RED (STOP SIGNAL) — When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest cross-walk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.
(2) FLASHING YELLOW OR AMBER (CAUTION SIGNAL) — When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution.”
We find that Alex J. Hunt was clearly negligent in failing to maintain a proper lookout as he entered an intersection controlled by a blinking red light and in proceeding into that intersection without first ascertaining that he could do so in safety. His negligence in that respect was a proximate cause of the accident.
Where a motorist approaching an intersection controlled by a blinking yellow light observes the other vehicle controlled by the blinking red light has stopped in obedience thereto, and the motorist facing the yellow light then proceeds into the intersection, such a motorist would not be guilty of negligence. See Jackson v. American Insurance Company, 182 So.2d 552 (La.App. 1st Cir. 1966).
The Court is of the further opinion that the preponderance of the evidence is that Harper after observing Hunt in a stopped position, proceeded into the intersection with reasonable caution as required by law. There is nothing to indicate anything which would have timely warned him that Hunt would disregard the obligations imposed upon a person confronted with a blinking red light. Under these circumstances, Harper had every reason to believe that Hunt would remain in a safe position and honor his right-of-way. Accordingly, we find no negligence on the part of Harper in proceeding into the intersection in the manner in which he did, and conclude that it was the negligence of Hunt which was the sole proximate cause of the accident.
For the foregoing reasons, judgment of the district court is affirmed at appellants’ costs.
Affirmed.