LANDRY, Judge.
Plaintiff herein appeals the judgment of the trial court rejecting his demands for personal injuries, related medical expense, and property damages sustained in an in-tersectional automobile collision. We affirm the judgment of the trial court.
The accident occurred at approximately 4:30 P.M., January 31, 1967, at the junction of Louisiana Highway 19, a paved, two-lane, north-south thoroughfare, and Thomas Road, an improved two-lane, east-west roadway. The weather was clear, the *193 roadway dry and visibility was unimpeded. Plaintiff was traveling southerly on Highway 19 in his automobile; defendant was proceeding easterly along Thomas Road in his pickup truck. The crossing was controlled by an electrically operated traffic signal which intermittently flashed a yellow or caution light for traffic upon Highway 19, and a red or stop signal for vehicles traveling upon Thomas Road. A short distance west of Highway 19, Thomas Road is intersected by a railroad crossing. From the railroad, Thomas Road slopes downward toward its intersection with Highway 19.
It is shown beyond question that the right side of plaintiff’s automobile sideswiped the front of defendant’s truck, which latter vehicle was extending approximately one or two feet into the intersection at the moment of impact. The witnesses differ on the question of whether defendant’s truck was stopped or in motion when struck.
The accident was witnessed by two State Troopers, Berl Bush and Aubrey Davis, who had been assigned to special duty at the intersection in question.
Trooper Bush testified that each lane of Highway 19 is about 10 feet in width. He stated that because of heavy trucks using Thomas Road in a dirt hauling operation, several accidents had occurred at this particular intersection. He and Davis had been assigned there to either change the operation of the control light or direct traffic by hand signal when congestion occurred. When the accident occurred, Bush was about 150 feet away, proceeding toward the control box to change the light. He noted plaintiff’s southbound vehicle when plaintiff was at a point which Bush subsequently measured and found to be four-tenths of a mile north of the intersection. Bush estimated plaintiff was proceeding at a speed of approximately 70 miles per hour. The posted speed limit was 60 miles per hour. He also stated that at points approximately 500 feet north and south of the crossing, signs measuring approximately 4X6 feet or 4 X 8 feet had been erected on Highway 19 warning motorists to slow down because of trucks crossing an intersection. Bush noted defendant’s truck descend the incline between the railroad and Highway 19 and roll to a stop with its front end protruding two or three feet into the intersection. It appeared that the truck had engine trouble or had stalled. He continued to observe plaintiff proceeding southerly toward the crossing and also noted that plaintiff made no effort to stop or slow down. Bush realized an accident was imminent and yelled to alert his fellow officer. He noted plaintiff proceed into the intersection with unabated speed and sideswipe the truck. Bush observed a northbound vehicle some distance south of the intersection. In his judgment, plaintiff could have veered to the left and avoided the accident, but plaintiff neither slowed down nor applied his brakes. He did state that plaintiff apparently attempted to veer just at the moment of impact.
Trooper Davis testified that he saw defendant’s truck descend the incline toward Highway 19, at which time he also observed plaintiff proceeding southerly about one and one-half blocks north of the intersection at a speed estimated at between 50 and 60 miles per hour. Defendant stopped his truck about one and one-half feet inside the intersection although defendant had ample time to cross ahead of plaintiff’s oncoming vehicle. It appeared to Davis that defendant’s truck stalled. He stated that plaintiff made no effort to stop or slow down, and that plaintiff was traveling approximately 50 miles per hour at the moment of impact. He observed a northbound motorist on Highway 19 some distance back from the intersection. After the accident, he asked this northbound driver if she had seen the accident, and she replied in the negative. He also stated that after the accident, defendant’s vehicle stopped with its front end extending about one and one-half feet into the intersection.
*194 Plaintiff’s testimony is to the effect that he was very familiar with the crossing. He emphatically denied the presence of warning signs along Highway 19. He stated that he was proceeding at a speed of between 45 and 50 miles per hour. When he reached a point approximately one block north of the intersection, he observed two vehicles stopped to his right, facing easterly, on Thomas Road. The lead vehicle (defendant's truck) was not protruding into the intersection. He also noted a line of cars headed northerly on Highway 19, all of which were stopped as though the first in line intended to turn left onto Thomas Road. When about a block from the intersection, he removed his foot from his accelerator and rested it on his brake, but did not apply his brake. Plaintiff stated that his vehicle was the only one in motion, and that he made no effort to avoid the truck because he had no idea an accident would occur.
Defendant Hunt testified that he stopped at the intersection, but that no part of his vehicle extended onto Highway 19. He looked to the north (left) and saw no oncoming vehicles. He then looked to his right and observed a large truck at the intersection signaling a left turn. The truck was followed by an automobile some distance behind. He pulled to his right to afford the truck room to turn. A few seconds after the truck completed its turn, the accident occurred.
Charles Edward Winters, testifying by deposition, stated he stopped at the intersection directly behind defendant, Hunt, who had stopped at the crossing. He stated that the front of Hunt’s car was not in the intersection, but was stopped about two feet west of the crossing. He stated he looked to his left and saw plaintiff approaching. He then looked to his right and saw a vehicle headed north on Highway 19, about three car lengths south of the crossing, signaling a left turn. He then looked back at the intersection, and the impact occurred. Winters stated that defendant’s truck either rolled forward or pulled up, and the impact occurred one or two feet in the intersection. After the impact, defendant’s truck came to rest in the center of Highway 19.
Plaintiff, relying on the decision of this court in Foster v. Hunt, La.App., 220 So.2d 179, urges that the trial court erred in finding that plaintiff’s negligence was a proximate cause of the accident. In the cited case, plaintiff Foster, whose vehicle was parked at the service station and damaged by Harper’s car which went out of control following the impact, sued both Harper and Hunt for the damages to his vehicle. Our opinion rendered, in that action exonerated present plaintiff, Harper, from responsibility. In effect, plaintiff maintains the prior action should be considered res judicata and thus decisive of the issue of his alleged fault. There is no merit in the contention. An indispensable element of res judicata is that the parties must be identical. LSA-C.C. art. 2286. This action is not between the same parties to the prior action.
It is basic law that each case must be determined in the light of the facts and circumstances developed during its trial. Where multiple actions arise from a single accident, it is elementary that the facts developed in different trials will vary in accord with each attorney’s evaluation of the salient issues, as well as his presentation of evidence and interrogation of witnesses. The courts can only decide each matter on the evidence presented therein.
We find that the evidence preponderates in favor of the conclusion reached below. An intermittent flashing yellow signal light imposes upon an approaching motorist the duty of proceeding with caution. LSA-R.S. 32:234A(2); Lockhart v. McInnis-Peterson Chevrolet, Inc., La.App., 205 So.2d 744. Plaintiff herein was familiar with the crossing in question and fully aware that it was controlled by a flashing yellow light. We also find that signs were in place on Highway 19, warning motorists *195 of the hazardous intersection. We find that the posting of such signs would be commensurate with the assignment of special officers to this particular intersection under the circumstances attested to by the officers on duty at the time of the accident.
We also find that the evidence preponderates in favor of the conclusion that defendant’s vehicle was stopped partially in the intersection. It is beyond question that ⅜⅛⅛* impact occurred about two feet inside the southbound lane of Highway 19; both officer-witnesses so testified and defendant’s truck came to rest in the crossing following the impact. Defendant, as well as the officers, testified that defendant’s truck was stationary at the moment of impact. We find that Winters’ testimony that defendant’s truck moved forward just before impact is insufficient to rebut the testimony of the three witnesses who testified to the contrary.
Counsel for appellant makes much of the fact that the trial court initially inadvertently rendered judgment in defendant’s favor before Winters’ deposition was filed of record. Subsequently, the lower court reopened the case and weighed Winters’ testimony along with that of the remaining witnesses. Appellant notes that, in his reasons for judgment, the trial court accepted the testimony of the officers over that of Winters because the court had not had an opportunity to observe Winters on the witness stand, and also because he noted several inconsistencies between the testimony of Winters and the officers. We find no error whatsoever on the part of the trial court in accepting the testimony of the officers in preference to that of Winters under the circumstances shown. The trier of fact can only weigh the evidence presented.
We find that plaintiff was guilty of negligence in proceeding at an excessive speed under the circumstances and failing to maintain a proper lookout, and that such negligence was a proximate cause of the accident.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by plaintiff, James R. Harper.
Affirmed.