570 So.2d 51 (1990)
Lois AMERSON, et al.
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Through its OFFICE OF HIGHWAYS, et al.
No. 90-CA-218.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1990.
Rehearing Denied December 17, 1990.
Writ Denied February 21, 1991.
*52 Steven F. Griffith, Sr., Destrehan, for plaintiffs/appellees.
William J. Guste, Jr., Atty. Gen., William J. Doran, Jr., Sp. Asst. Atty. Gen., Baton Rouge, for defendant/appellant.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This is an appeal from the granting of a partial summary judgment on the issue of the Louisiana Department of Transportation and Development's (DOTD) liability for a multi-vehicle accident occurring in St. Charles Parish on October 12, 1982. The appeal is also taken from the sustaining of an exception of res judicata which effectively imposed liability on DOTD. DOTD has appealed the adverse rulings. We reverse and remand.
On October 12, 1983 a petition for damages and worker's compensation benefits was filed in St. Charles Parish on behalf of plaintiffs/appellees Lois Amerson, wife of Albert E. Amerson, Sr. and Amerson's major children, Albert E. Amerson, Jr., Danny Bernard Amerson and Scott E. Amerson. Worker's compensation benefits were sought from defendants, Alden Maintenance Contractors, Inc. and its insurer as well as GHR Energy Corporation. The worker's compensation claim is still pending.
Plaintiffs/appellees also sued for damages pursuant to a wrongful death claim and a survival action. The wrongful death claim and survival action are based on an accident occurring on or about October 12, 1982. Defendants on the two actions are DOTD; Norma Dawn Connor in her capacity as curator for William P. Carman; State Farm Mutual Automobile Insurance Company as Carman's insurer; The Louisiana Department of Public Safety, Offices of State Police; the St. Charles Parish Sheriff's Department and it insurer. The plaintiffs' suit was subsequently partially dismissed against defendants St. Charles Parish Sheriff's Department and Louisiana Department of Public Safety, Office of State Police.
The present appeal only concerns the wrongful death and survival action claims against Connor, State Farm and DOTD.
State Farm and Connor filed an exception of res judicata. In support of their motion they filed a certified copy of a judgment rendered in matter No. 15,104 consolidated with No. 15,690. The judgment was rendered June 3, 1986 in the Parish of St. John The Baptist. Additionally, plaintiffs filed a partial motion for summary judgment on the issue of DOTD's liability. In support of its motion for summary judgment plaintiffs attached a certified copy of the same judgment along with the reasons for judgment. The trial judge granted the motion for summary judgment and sustained the exception. DOTD now appeals and specifies the following errors:
1. The trial court erred in granting the Motion for Partial Summary Judgment because the judgment of the district court in St. John the Baptist Parish is not res judicata as to the question of liability as between the widow and children of Albert Amerson and DOTD, and
2. Even if all of the other criteria for res judicata are met, the judgment of the court in St. John the Baptist Parish did not definitively determine the rights of the parties before the court in the instant case in that it did not assess the relative percentage of fault as between Amerson and DOTD nor was it called upon to determine the question of proximate cause and legal cause of the accident as between Amerson and DOTD and, therefore, the judgment did not decide upon all of the questions that are before the court in the instant case.
The St. John the Baptist Parish Court rendered judgment in favor of the plaintiffs in that suit: (1) Norma Dawn Connor, *53 individually and in her capacity as curator for William P. Carman and as natural tutor of the minor children, Shawn and Paul Carman, and (2) Pamela Robinson Ramsay, individually and as natural tutrix of the minor children, Jeremy C. and Jillian P. Ramsey. The trial court awarded damages in their favor and cast judgment against DOTD; the Estate of Albert E. Amerson; State Farm in its capacity as insurer of the automobile of Wanda D. Bennett, the owner of the car driven by defendant Ramsay, and State Farm as under and/or uninsurer of Albert E. Amerson by virtue of a policy of insurance purchased by and issued to William P. Carman.
The trial court rendered judgment finding the defendants "jointly liable for the accident made the basis of this suit."
The trial judge's reasons for judgment in the St. John the Baptist suit indicates the cause of action arose out of an automobile accident on October 12, 1982. He concluded the following in his reasons for judgment:
On October 12, 1982 Albert E. Amerson a resident of St. John the Baptist Parish was proceeding west on the Bonnet Carre' Spillway Bridge when he crossed the center lane on two (2) occasions. In the first instance he struck a 1977 Ford Pinto being driven by Carman in its proper east bound lane of travel. The Pinto was propelled into the west bound lanes of travel and in all had four (4) secondary impacts having been jolted across the center lane of the Spillway Bridge three (3) times. Amerson, operating a 1979 Pontiac with the permission of its owner Wanda Bennett, then proceeded in a westerly direction in his own lane, again crossed the center lane and struck Ramsay.
It was further shown that Albert E. Amerson had alcohol in his system causing him to be driving while under the influence.
* * * * * *
This Court has ruled that the accident that is the subject of this litigation was caused by the joint and concurrent negligence of Albert E. Amerson and defendant Louisiana Department of Transportation and Development, Office of Highways.

RES JUDICATA:
La. Civil Code art. 2286[1] lists the essential elements for sustaining a plea of res judicata:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Neither parties dispute that the alleged accident occurred October 12, 1982. The action was filed October 12, 1983. At these times the wrongful death and survival action statute, La. Civil Code art. 2315 provided in pertinent part:
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving. The survivors in whose favor this right of action survives may also recover *54 the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
In the first suit the estate was the defendant; whereas, in the instant case the widow and children are individually bringing a survival action and a wrongful death action. Under La. Civil Code art. 2315 the widow and children are the appropriate individuals to which the right to bring these claims flows. The succession representative could not have brought actions in the prior suit or in the one at bar. La. Civil Code art. 2315.
In applying La. Civil Code art. 2286 to the facts herein, it is clear "the thing demanded" and the "parties" are not and indeed could not be the same so as to satisfy a plea of res judicata.
Our brothers in the First Circuit have concluded a plea of res judicata will not lie in a situation in which a plaintiff in a second suit had been a defendant in the first suit to go to trial. Harper v. Hunt, 247 So.2d 192 (La.App. 1st Cir.1971).
In Harper v. Hunt, supra the First Circuit held that where the plaintiff and defendant in the present action were codefendants in a prior action filed by another plaintiff, the parties were not identical as required for an exception of res judicata to apply. La. Civil Code art. 2286. In the former case of Foster v. Hunt, 220 So.2d 179 (La.App. 1st Cir.1969) the defendant in that case, Harper, had been found to be free of negligence in the same accident for which he was suing in the later case in his capacity as plaintiff. In the later case, Harper as plaintiff, was found guilty of negligence.
The First Circuit reasoned in the later case:
It is basic law that each case must be determined in the light of the facts and circumstances developed during its trial. Where multiple actions arise from a single accident, it is elementary that the facts developed in different trials will vary in accord with each attorney's evaluation of the saliant issues, as well as his presentation of evidence and interrogation of witnesses. The courts can only decide each matter on the evidence presented therein.
247 So.2d 192 at 194.
Thus, it was of no moment to the First Circuit that inconsistent results were reached when the plea of res judicata would not lie. 247 So.2d 192 at 194.

THE DOCTRINE OF ISSUE PRECLUSION:
Plaintiffs/appellees argue it was not error for the trial judge to apply principles of judicial or equitable estoppel since the factual issues in the prior judgment are essentially the same. Plaintiffs/appellees are thus alluding to the common law doctrine of issue preclusion. We have previously indicated we do not agree the parties are the same. We also disagree with the contention that all factual issues have been resolved. In the instant case State Farm and DOTD have pled Amerson's comparative negligence, an issue which was not before the St. John the Baptist court. That factual determination has yet to be made by any court of law.
Nevertheless, even assuming the decided factual issues and parties are the same, our Louisiana Supreme Court has considered the "doctrine of issue preclusion alien to Louisiana law." Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978). Furthermore, the Louisiana Supreme Court has held that "collateral estoppel or issue preclusion is not a valid defense in Louisiana." Vicknair v. Hibernia Bldg. Corp., 479 So.2d 904, 908 (La.1985).
We have followed Welch, supra in Dart v. Ehret, 466 So.2d 1336 (La.App. 5th Cir. 1985), writ denied 468 So.2d 575 (La.1985). We explained in Dart at 1339-1340:
The jurisprudence is clear that all of the elements required by Civil Code Article 2286 must be present for the plea [of res judicata] to be valid. The absence of *55 any one of the three [essential elements of the plea] requires an overruling of a plea of res judicata. The doctrine of res judicata is stricti juris and any doubt as to the identity of claims must be resolved in favor of the parties against whom the plea is made [citation omitted].
In Welch [t]he Supreme Court reviewed the history of res judicata under Louisiana law and at page 156 said:
As a result of our civilian heritage, res judicata under Louisiana law is perceived to be much narrower in scope than its counterpart in common law jurisdictions. See 51 Tul.L.Rev. 611 (1977); Maloney, Preclusion Devices in Louisiana; Collateral Estoppel, 35 La. L.Rev. 158 (1974). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. C.C. 2285-2287, 3556(31); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The absence of any of these identities is fatal to a plea of res judicata.
In Dart, we rejected the argument that the "thing adjudged" in a prior case involving different parties precluded relitigation of the same issue. We adopt our reasoning in Dart wherein we stated:
Louisiana places great emphasis on the right of the citizen to seek judicial relief and this public policy far outweighs the problem of successive or multiple litigation.
Dart, supra at 1341.
Therefore, we conclude it was error for the trial judge to sustain the exception of res judicata and to grant the motion for partial summary judgment.
Accordingly, for the reasons stated, the judgment sustaining the exception of res judicata and granting the motion for summary judgment is reversed and judgment is now rendered overruling the exception of res judicata and denying the motion for summary judgment. The matter is remanded for further proceedings.
REVERSED AND RENDERED; REMANDED.
NOTES
[1] La. Civil Code art. 2286 was redesignated as La.R.S. 13:4231 by Acts 1984, No. 331, Section 7, effective January 1, 1985.