STOKER, Judge.
This case involves the application of the principle of res judicata. The issue on appeal in this personal injury case is whether the trial court erred in precluding litigation of the fault issue and limiting the trial to quantum issues in a suit for damages allegedly sustained in an automobile accident.
Jimmy W. Fitch, Jr., one of the plaintiffs in the present case, had been a co-defendant in a prior case based on the same automobile accident. Robert E. Britt, one of the defendants in the present case, was also a co-defendant in the prior case. In the prior case, the jury attributed 100% of the fault to Robert E. Britt. Therefore, in the prior case Jimmie W. Fitch, Jr. was found not guilty of any fault. The plaintiff in the prior case (to be referred to infra) was Farley Jude Hebert.
BACKGROUND
Jimmie W. Fitch, Jr., individually and as administrator of the estates of his three minor children, Traci, Laci and Jacob, together with Donna Fitch filed suit against Robert E. Britt, Britt’s employer Vintage Petroleum, Inc., and Vintage’s insurer Hartford Accident and Indemnity Company for personal injury damages allegedly sustained in an automobile accident in which the vehicle driven by Fitch and the vehicle driven by Britt collided. The plaintiffs claimed that the accident was caused by Britt’s negligence. The defendants answered denying negligence on Britt’s part and asserting that Fitch’s negligence was the sole cause of the accident. Defendants also filed a cross-claim against Fitch and a third-party demand against Fitch’s liability insurer, State Farm Mutual Automobile Insurance Company, seeking indemnity or contribution for amounts which may be paid to the plaintiffs on the principal demand other than Fitch. Fitch and State Farm filed a similar cross-claim and third-party demand against the defendants.
Fitch, as defendant in cross-claim, and State Farm, as third-party defendant, filed a motion for summary judgment seeking to preclude litigation of Fitch’s liability. The plaintiffs in the principal demand, including Fitch, filed a similar motion for summary judgment. The basis of these motions was the alleged res judicata effect of the judgment rendered in Farley Jude Hebert v. Chick Norton Leasing Company, Inc., et al, Civil Action No. 68651-F rendered on January 15, 1991 in the Sixteenth Judicial District Court. In that case Fitch and Britt were named as co-defendants in a suit by Fitch’s guest passenger, Farley Hebert, for personal injury damages arising out of the *288 collision between Fitch and Britt. In that case, Britt was found to be 100% at fault in causing Hebert’s injuries.
The trial court granted the motions for summary judgment, holding that res judi-cata precluded relitigation of the fault issue and limiting the trial to quantum issues. The defendants appealed. We reverse.
FACTS
On August 8, 1988, the plaintiffs were travelling on I — 10 westbound exit ramp in Crowley, Louisiana in a car being driven by Fitch. Britt was travelling behind Fitch in a pickup truck. Fitch stopped at a stop sign on the exit ramp. He then moved his automobile forward a short distance on the exit ramp. As Fitch moved forward, Britt began to move forward. However, Fitch stopped again because he saw that traffic was approaching. Britt then rear-ended the Fitch vehicle.
OPINION
Since this action was filed before January 1, 1991, former LSA-R.S. 13:4231 applies.[1] This opinion is based on the statutes and jurisprudence in effect prior to the 1990 amendment to LSA-R.S. 13:4231. The statute previously provided:
“§ 4231. Res judicata, essential elements
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be between the same parties, and formed by them against each other in the same quality.”
We hold that under former LSA-R.S. 13:4231 res judicata does not preclude litigating the liability issue in the case presently before us since the demand in the Hebert case was not between the same parties nor was the thing demanded the same, as in the case presently before us.
In Amerson v. Louisiana D.O.T.D., 570 So.2d 51 (La.App. 5th Cir.1990), writ denied 575 So.2d 393 (La.1991) Mr. Amerson’s wife and children filed a wrongful death and a survival action based on a collision between Mr. Amerson and Mr. Carmen. The D.O.T.D. was among the defendants named in this suit.
Another suit had been filed based on the same collision in which Mr. Amerson’s estate and the D.O.T.D. were among the defendants named. The court in that suit ruled that the accident was caused by the negligence of Mr. Amerson and the D.O.T.D.
In the wrongful death and survivor actions filed by Mr. Amerson’s wife and children, the trial court granted a partial summary judgment on the issue of the D.O.T.D.’s liability and sustained a plea of res judicata precluding relitigation of the liability issue. The D.O.T.D. appealed. The Fifth Circuit in Amerson applied LSA- *289 C.C. art. 2286, which was later redesignat-ed as LSA-R.S. 13:4231 by Acts 1984, No. 331, § 7, eff. January 1,1985, and reversed the trial court, holding that the “thing demanded” and the “parties” were not the same so as to satisfy a plea of res judicata. The court cited Harper v. Hunt, 247 So.2d 192 (La.App. 1st Cir.1971) which involved a situation similar to the case now before us:
“Our brothers in the First Circuit have concluded a plea of res judicata will not lie in a situation in which a plaintiff in a second suit had been a defendant in the first suit to go to trial. Harper v. Hunt, 247 So.2d 192 (La.App. 1st Cir.1971).
“In Harper v. Hunt, supra the First Circuit held that where the plaintiff and defendant in the present action were co-defendants in a prior action filed by another plaintiff, the parties were not identical as required for an exception of res judicata to apply. La. Civil Code art. 2286. In the former case of Foster v. Hunt, 220 So.2d 179 (La.App. 1st Cir. 1969) the defendant in that case, Harper, had been found to be free of negligence in the same accident for which he was suing in the later case in his capacity as plaintiff. In the later case, Harper as plaintiff, was found guilty of negligence.
“The First Circuit reasoned in the later case:
‘It is basic law that each case must be determined in the light of the facts and circumstances developed during its trial. Where multiple actions arise from a single accident, it is elementary that the facts developed in different trials will vary in accord with each attorney’s evaluation of the saliant issues, as well as his presentation of evidence and interrogation of witnesses. The courts can only decide each matter on the evidence presented therein.’
247 So.2d 192 at 194.
“Thus, it was of no moment to the First Circuit that inconsistent results were reached when the plea of res judica-ta would not lie. 247 So.2d 192 at 194.” 570 So.2d 51 at 54.
In an alternative argument, plaintiffs urged that “the doctrine of Judicial Estop-pel would apply to preclude the re-litigation of the liability issue” in the present suit. In reality plaintiffs are attempting to invoke the doctrine of collateral estoppel. For this proposition the plaintiffs cite Shell Oil Company v. Texas Gas Transmission Corp., 176 So.2d 692 (La.App. 4th Cir.1964). Brown v. Globe Tool & Engineering Co., 337 So.2d 894 (La.App. 4th Cir.1976) and Scurlock Oil Co. v. Getty Oil Co., 344 So.2d 1134 (La.App. 3d Cir.1977). The Louisiana Supreme Court has stated that the doctrine of collateral estoppel is not to be employed in this state. Ugulano v. Allstate Ins. Co., 367 So.2d 6 (La.1978).
DISPOSITION
For the reasons given above, we reverse the trial court’s judgment and remand for further proceedings. Costs are assessed against the plaintiffs and State Farm.
REVERSED and REMANDED.

. LSA-R.S. 13:4231 as amended by Acts 1990, No. 521, § 1, eff. January 1, 1991 provides:
“§ 4231. Res Judicata
“Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
"(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
"(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
“(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.”
“Date effective-Application of Acts 1990, No. 521

"Section 5 of Acts 1990, No. 521 (§ 1 of which amends this section) provides:

‘This Act shall become effective January 1, 1991, and shall apply to all civil actions filed on or after January 1, 1991. The preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991.”’