# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2009

No. 08-30779

Charles R. Fulbruge III
Clerk

JAMES L. FAHRENHOLTZ, also known as Jimmy Fahrenholtz

Plaintiff - Appellant

v.

JAY DARDENNE, In his official capacity as Louisiana Secretary of State and Commissioner of Elections

Defendant - Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4098

---

Before BARKSDALE, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

In appealing the dismissal of his application for injunctive and declaratory relief in an election-qualification dispute, James Fahrenholtz contests the district court's *res-judicata* determination. That issue need not be decided, because this action is barred by the *Rooker-Feldman* doctrine. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In July 2008, Fahrenholtz filed to be a candidate in that year's election for the United States House of Representatives. His candidacy was challenged in state district court. That action contended Fahrenholtz was ineligible because he had falsely certified his eligibility under the Louisiana Campaign Finance Disclosure Act, LA. REV. STAT. ANN. § 18:1481 (2004), *et seq.* Also named as a defendant was Jay Dardenne, Louisiana's Secretary of State and the appellee in the action at hand.

Louisiana election law requires a candidate to certify, *inter alia*, that "he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act". LA. REV. STAT. ANN. § 18:463(A)(2)(a)(v) (2004). Although Fahrenholtz signed a certification to this effect, he owed approximately $15,000 in fines and fees. As a result, the state district court held Fahrenholtz was disqualified from running in the 2008 election.

The Louisiana Court of Appeal affirmed. *Williams v. Fahrenholtz*, 990 So. 2d 99 (La. Ct. App. 2008). That court declined to consider Fahrenholtz' constitutional challenge to the state district court's interpretation of the statute, ruling it had not been properly raised under Louisiana procedural law. *Id.* at 102 n.1.

The Supreme Court of Louisiana denied Fahrenholtz' application for a writ of certiorari. *Williams v. Fahrenholtz*, 986 So. 2d 671 (La. 2008). As a result of these proceedings, Secretary Dardenne removed Fahrenholtz' name from the ballot.

In August 2008, in federal district court, Fahrenholtz filed an Application for Temporary Restraining Order, Preliminary and Permanent Injunction. He contended the state-court decisions, and the subsequent removal of his name, violated the Supremacy Clause of the United States Constitution by adding additional eligibility requirements for federal-office candidates. Fahrenholtz

requested that Secretary Dardenne be barred from removing Fahrenholtz' name from the ballot. Fahrenholtz also sought a declaration that the relevant certification requirements do not apply to candidates for the United States House of Representatives.

In opposition, Secretary Dardenne asserted, *inter alia*, that the issue of the constitutionality of the requirements was barred by *res judicata*. The district court agreed and dismissed with prejudice.

## II.

Fahrenholtz challenges the *res-judicata* determination. Secretary Dardenne counters both that the district court correctly concluded the action was barred by *res judicata*; and, alternatively, that it is barred by the *Rooker-Feldman* doctrine. The *res-judicata* issue need not be decided, because the *Rooker-Feldman* doctrine bars this action.

## A.

A *res-judicata* ruling is reviewed *de novo*. *E.g.*, *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "In deciding the preclusive effect of a state court judgment in federal court, we are guided by the full faith and credit statute, [28 U.S.C. § 1738] . . . . Accordingly, we must look to the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect." *In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996). Because a Louisiana state court rendered the judgment, which Secretary Dardenne urges as being *res judicata*, Louisiana substantive law controls this analysis.

Louisiana law bars relitigation both of issues raised in a prior action or those that could have been raised. *Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp.*, 867 So. 2d 709, 713 (La. Ct. App. 2002). "To maintain a plea of res judicata, the formula derived in Louisiana jurisprudence states there must be identity in the two suits as to the thing demanded, the demand must be founded

on the same cause of action, and the demand must be between the same parties." *Watson v. Amite Milling Co.*, 504 So. 2d 1149, 1152 (La. Ct. App. 1987).

At least two Louisiana Courts of Appeal have held that, "where the plaintiff and defendant in the present action were codefendants in a prior action filed by another plaintiff, the parties were not identical as required for an exception of res judicata to apply". *Fitch v. Vintage Petroleum, Inc.*, 608 So. 2d 286, 289 (La. Ct. App. 1992) (quoting *Amerson v. La. Dep't of Transp. & Dev.*, 570 So. 2d 51, 54 (La. Ct. App. 1990)). Because Secretary Dardenne and Fahrenholtz were codefendants in the state-court action, but are opposing parties in this action, Louisiana's doctrine of *res judicata* appears inapplicable.

## B.

As noted, we need not determine whether *res judicata* applies, however, because this action is barred by the *Rooker-Feldman* doctrine. This doctrine–developed in two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)–provides: "lower federal courts lack the power to modify or reverse state court judgments because 28 U.S.C. § 1257 vests exclusive jurisdiction to review or modify a state court judgment in the Supreme Court". *LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 2009 WL 937165, at *2 (5th Cir. 8 Apr. 2009) (unpublished). Accordingly, the *Rooker-Feldman* doctrine bars district courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments". *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Fahrenholtz contends: "There was no constitutional violation until the State Court made its decision". Therefore, he falls squarely within the range of cases *Exxon* places under the reach of the *Rooker-Feldman* doctrine.

Fahrenholtz "filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment". *Exxon*, 544 U.S. at 291. Accordingly, the district court could have dismissed this action under the *Rooker-Feldman* doctrine.

As discussed, the Louisiana court applied its own procedural rules in concluding Fahrenholtz had not properly raised his constitutional issue. (We, of course, generally respect state-court procedural determinations. *See, e.g.*, *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 2007).) The Louisiana judgment, therefore, does not address the constitutionality of applying a certification requirement to federal-office candidates. Similarly, we express no opinion regarding the constitutionality of these requirements. To the extent Fahrenholtz may state a viable constitutional claim, it must be addressed in a future action, not in this *de facto* appeal from a state-court judgment. Needless to say, Fahrenholtz' making that claim in a future action, if any, would not be barred by *res judicata*.

### III.

For the foregoing reasons, the judgment is AFFIRMED.