481 So.2d 611 (1986)
Richard COOPER, Individually and on Behalf of the Minors, Susanne Cooper and Christian Cooper; and Lionel Horner, Individually and on Behalf of the Minor, Clint Horner
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY.
No. 85-CC-1483.
Supreme Court of Louisiana.
January 13, 1986.
*612 Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-applicant.
Richard J. Ward, Jr., Plaquemine, Stephen H. Marionneaux, Livonia, for plaintiff-respondent.
CALOGERO, Justice.
An exception of res judicata filed by the defendant uninsured motorist carrier was overruled in the district court. After the Court of Appeal, pre-trial, ultimately denied relief to the defendant,[1] this Court granted a writ to review the same district court judgment overruling the exception of res judicata.
The pertinent legal claims are by two parents/administrators, namely Richard Cooper and Lionel Horner, for injuries sustained in an automobile accident by their minor children, Susanne and Christian Cooper, and Clint Horner. The lawsuit was filed against the other vehicle driver, Sidney B. Fisher, and his liability insurer, State Farm Mutual Automobile Insurance Company, and against the uninsured/underinsured carrier with insurance coverage on Cooper and Horner vehicles not involved in the accident,[2] namely, Louisiana Farm Bureau Casualty Insurance Company.
After suit was filed plaintiffs settled their claims with the driver of the other vehicle, Fisher, and his liability insurer, State Farm. Coincident therewith court approval for settling the minors' claims against Fisher and State Farm was obtained in the regular manner, releases were executed and funds delivered, and a motion dismissing the lawsuit with prejudice was duly entered.
The problem which gave rise to the legal issue involved in this opinion came about because the attorney for plaintiffs, perhaps inadvertently, signed a motion which provoked a judgment dismissing with prejudice the entire then pending lawsuit, which included plaintiff's claim against the uninsured motorist carrier, Louisiana Farm Bureau.
*613 Some eighteen months later plaintiffs amended the petition in the dismissed lawsuit (No. 17,998), by increasing the quantum sought and by adding the personal claims of the parents/administrators, Richard Cooper and Lionel Horner for their own anguish and suffering arising out of the injuries to their children.
When the judge to whom that lawsuit was assigned, Judge Ian Claiborne, refused, according to defendant's counsel, to sign an order permitting the filing of the supplemental petition, plaintiffs thereupon incorporated the same claims in a separate lawsuit, No. 19,655, filed in the same Eighteenth Judicial District Court, Parish of Point Coupee. That lawsuit was allotted to a different division of the Eighteenth Judicial District Court, namely, Div. C, Judge Edward Engolia.[3]
Thereupon Louisiana Farm Bureau, in the Division C lawsuit, filed an exception of res judicata with respect to the minors' claims and a motion to strike the parents' claims.
With respect to the latter the trial judge granted the motion to strike for the asserted reason that Louisiana law does not allow recovery for mental anguish suffered as a result of an injury to another person, citing Blackwell v. Oser, 436 So.2d 1293 (La.App. 4th Cir.1983). Plaintiff parents did not seek writs from the ruling. Thus that legal issue is not before us.
With respect to the exception of res judicata the trial judge determined that it was not well founded, and overruled the exception. This latter ruling is what we review in this opinion.
Louisiana Farm Bureau does not contend that it was released by the plaintiffs in the documents executed by the minors' parents/administrators in connection with the settlements. They rely instead on the judgment in No. 17,998, which dismissed the entire lawsuit, including the claims of the plaintiffs against Louisiana Farm Bureau, "with prejudice."
La.Rev.Stat. § 13:4231. Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
In the case under consideration, res judicata is clearly applicable as regards the second of the successive lawsuits brought on behalf of the minor children against Louisiana Farm Bureau. The object of the judgment was the recovery of money damages sustained by virtue of personal injury arising out of the same automobile accident as was involved in the first suit. Thus, the thing demanded was the same, and the demand was founded on the same cause of action. The demand was between the same parties, the administrators on behalf of the minor children on the one hand and Louisiana Farm Bureau on the other. And the demand formed by the administrators against Farm Bureau was in the same quality. See R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978). Res judicata is thus directly applicable here.[4]
*614 Plaintiffs/respondents' arguments are twofold. They contend that the dismissal with prejudice of the first lawsuit should not bar their second lawsuit because that earlier dismissal was a mistake, that there was no intention on their part or on the part of their attorney to dismiss with prejudice their underinsured motorist claims against Louisiana Farm Bureau.
In their second argument plaintiffs attempt to draw support from Johnson v. Ford Motor Company, 707 F.2d 189 (5th Cir.1983). There the United States Fifth Circuit Court of Appeals would not sanction a tacit release of Ford Motor Company (the minors' administrators had released joint tortfeasors without an express reservation of rights against the non-released tortfeasor, Ford) because the authority to settle the minors' claims, secured as required by La.Civ.Code art. 4271, encompassed only settlement of the claims against the other tort feasors, not Ford Motor Company.[5]
Responding to the arguments in reverse order, Johnson v. Ford Motor Co. is distinguishable from the case under consideration. The essential difference is that in Johnson, unlike here, there was no judgment dismissing plaintiff's suit against the defendant Ford.
With respect to plaintiffs' first argument, that there was no intention on their part to dismiss with prejudice the portion of the lawsuit which involved the uninsured motorist claims against Louisiana Farm Bureau, perhaps counsel is correct in that regard, that there was no intention to dismiss the suit against Louisiana Farm Bureau, and that such was done by mistake. But even just to establish that there was a mistake in that dismissal, there is need for evidentiary support. The record alone does not unambiguously support that conclusion. For instance, it is not without some logical foundation to speculate that State Farm's attorney, who no doubt prepared the documents for court approval of the minor settlement, similarly prepared the motion to dismiss the entire lawsuit with prejudice, that he intended to have plaintiffs dismiss the entire lawsuit if only to avoid his client, Fisher's, having later to defend even a non-meritorious[6] subrogation claim against him by Louisiana Farm *615 Bureau. No record evidence supports the contention that the dismissal of the suit against Louisiana Farm Bureau was a mistake.
Even assuming, however, that the prejudicial dismissal of the entire lawsuit was a mistakeand that of course is the more likely possibilitythere exists nonetheless in this case a definitive judgment. (A definitive judgment is a final judgment which has acquired the authority of a thing adjudged. La.Code of Civ.Pro. art. 1842.)
The Code of Civil Procedure has specific provisions concerning modification of judgments in the trial court. These exclusive methods for modifying judgments are Amendment of Judgment, Article 1951, New Trial, Articles 1971-1979, and The Action of Nullity, Articles 2001-2006 inclusive.
In this litigation defendant has not sought to modify the judgment by amendment, new trial or action of nullity. As a matter of fact amendment of judgment is not available to this defendant because he does not simply seek to alter the phraseology and not the substance of the judgment, or correct errors of calculation. La.Code Civ.Pro. art. 1951. Granting of a new trial is not available to him since he did not apply for such relief within seven days exclusive of legal holidays from the date on which the judgment was signed.
The action for nullity, interestingly enough, is perhaps not yet out of the question for these plaintiffs. Except as otherwise provided in Article 2003 (which relates to a defendant who voluntarily acquieses in a judgment or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement) an action to annul a judgment on the grounds specified in Article 2002 may be brought at any time. See Article 2002, second paragraph. Nullity of a final judgment may be demanded for vices of either form or substance. Article 2001. Among the grounds cited in Article 2002 for when a final judgment shall be annulled, is if it was rendered against an incompetent person not represented as required by law. Art. 2002(1). Arguably at least, the minor children here were not represented as required by law when the administrators of their estates dismissed possibly meritorious lawsuits against the UM carrier without an accompanying approval of the trial judge, as required by La.Code Civ.Pro. art. 4501 and art. 4271.
The issues implicit in the foregoing discussion concerning availability to these plaintiffs of the action of nullity are not before us in this case, and we do not resolve them at this time, for plaintiffs have not petitioned for nullity of judgment. Plaintiffs have simply attempted to defeat a well pleaded exception of res judicata (which was asserted to bar a second assertion of an identical damage claim), by urging that an otherwise final judgment was rendered by mistake. The law simply will not permit plaintiffs to prevail with the case in this posture.
The exception of res judicata is well taken. It will be sustained.

Decree
For the foregoing reasons we reverse the judgment of the trial court, sustain the exception of res judicata, and dismiss plaintiff's lawsuit against Louisiana Farm Bureau Casualty Insurance Company (No. 19,655) with prejudice, and at plaintiffs' cost.
EXCEPTION OF RES JUDICATA SUSTAINED; SUIT DISMISSED WITH PREJUDICE.
LEMMON, J., concurs.
NOTES
[1] On application by Louisiana Farm Bureau the Court of Appeal originally granted an alternative writ of mandamus directing the district judge to enter a judgment sustaining the exception and dismissing plaintiffs' suit with prejudice, or show cause why he should not. Thereafter the Court of Appeal recalled the alternative writ and denied the relief sought by Louisiana Farm Bureau.
[2] The minor children, Susanne Cooper, Christian Cooper, and Clint Horner were guest passengers in a car driven by Susan O'Connor.
[3] When defendant moved to transfer the new suit from Division C to Division B, Judge Claiborne, Division B, signed an order expressing that he would not agree to the transfer and consolidation "considering [that] suit No. 17,998 was dismissed with prejudice."
[4] The trial court's contrary conclusion rests mainly on its application of Elder Forest Products, Inc. v. B & F Lumber and Supply Co., 458 So.2d 644 (La.App. 3rd Cir.1984). Elder's suit on an open account for lumber was challenged by exceptions of res judicata by parties who contended that an earlier compromise settlement and dismissal of a redhibition action and incidental third party actions arising out of claims concerning the same deficient lumber constituted res judicata to the suit on open account. In that case it was not entirely clear that the earlier settlement intended to release the claim by the manufacturer for the purchase price of the lumber. And the Court of Appeal, with an unclear release agreement, looked to a judgment which in itself was not entirely unambiguous, interpreted that judgment, saw that the question of the purchase price "threaded its way" through the main demand and all third party demands between the parties, and concluded that an appropriate interpretation of the judgment itself was that the judgment, in dismissing all demands involved in the lawsuit, had effectively disposed of the manufacturer's claim for the purchase price of the lumber. Whatever the merit of that decision it is no solace to plaintiffs here, for in our instance the judgment reflects no lack of clarity. Plaintiffs' entire lawsuit, including the claim against Louisiana Farm Bureau was dismissed with prejudice. There is no question about that.
[5] The Johnson case involved an automobile accident in which both adults and minors were injured. The plaintiffs filed two suits. The first, in federal court, was against Ford Motor Company. The second, in state court, was against the negligent driver and numerous liability insurers. The state court action was settled and Johnson executed releases for himself and, pursuant to court approval, on behalf of the minors. The releases made no mention of Ford Motor Company or of the pending federal action. Ford sought and the federal district court granted summary judgment dismissing the complaint on the grounds that the release of the state court defendants, without an express reservation of rights against Ford, automatically released Ford.
[6] R.S. 22:1406 D(4) provides that in the event of payment to any person under the required uninsured motorist coverage "the insurer making such payment shall to the extent thereof be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made ..." This right of recovery coupled with ancillary policy provisions has been described as conventional subrogation. Bond v. Commercial Union, 407 So.2d 401 (La.1981). This Court in Carona v. State Farm Insurance Co., 458 So.2d 1275 (La.1984) has also decided that the injured insured's release of a tortfeasor without reservation of rights against the UM carrier does not release the UM carrier. Thus it seems that the UM carrier would be required to pay their insured underinsured motorist coverage even though their insured has already released the tortfeasor, and that the UM carrier in its subrogation claim against the released tortfeasor will be denied recovery because of their insured's prior release of the tortfeasor.