BARRY, Judge.
The parents of a minor child filed suit, individually and on behalf of their minor, for injuries resulting from an accident involving an auto driven by Susie Turlich. The accident occurred in the parking lot or driveway of Delta Bank & Trust Company, Inc. The suit named Susie Turlich, her husband, State Farm Mutual Automobile Insurance Company (liability insurer of the Turlich auto), Delta Bank, and United States Fidelity and Guaranty Company (Delta Bank’s liability insurer).
In May, 1986 the parents executed an “Indemnifying Release” which provides:
FOR THE SOLE CONSIDERATION OF TEN THOUSAND AND NO/lOO Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned, individually and as parents and natural guardians, hereby release and forever discharge Estelle Turlich, Clarence Turlich and State Farm Mutual Automobile Insurance Company, h Heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable, or who might be claimed to be liable, hereinafter called releasees, none of whom admit any liability but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature, and particularly on account of loss of or damage to property and on account of bodily injuries, known and unknown and which have resulted or may in the future develop, sustained by Nicole Ronquillo a minor bom on the 8th day of March 1981, or arising out of damage or loss, direct or indirect, sustained by undersigned in consequence of an accident on or about the 3rd day of August 1984, at or near Port Sulphur, LA.
As further consideration for payment of said sum undersigned hereby agree to protect the said releasees against any claim for damages, compensation or otherwise on the part of said minor or any other party, growing out of or resulting from injury to said minor in connection with the above mentioned accident, and *135 to reimburse or make good any loss or damage or costs that the said releasees may have to pay if any litigation arises from said injuries and undersigned hereby waive any and all rights of exemption, both as to real and personal property, to which undersigned may be entitled under the laws of this or any other state as against such claims for reimbursement or indemnity by the said releasees.
Plaintiffs then filed a “Motion and Order to Dismiss” which provides:
NOW INTO COURT, through undersigned counsel, come plaintiffs, Terrance Ronquillo, Jr. and Gwendolyn Ronquillo, individually, and on behalf of their minor daughter, Nichole S. Ronquillo, and upon suggesting to the court that the captioned matter has been amicably compromised and settled, move the Court for entry of an Order dismissing the captioned matter, with prejudice, with all parties to bear their own costs.
The trial court granted the motion on June 4, 1986 ordering “that the captioned matter be and is hereby dismissed, with prejudice, with all parties to bear their own costs.” On June 23, 1986, counsel for plaintiff filed a “Limited Motion and Order to Dismiss” requesting dismissal with prejudice only as to the defendants specifically named in the “Indemnifying Release.” On June 24 the motion was granted.
Because the matter had been set for trial, Delta Bank and USF & G filed a “Rule to Show Cause Why Dismissal of Suit, With Prejudice, Is Not a Final Judgment, And/Or Exception of Res Judicata, And/Or Motion to Stay.” Plaintiffs then filed a motion to nullify the first judgment of dismissal.[1] After hearing both motions the trial court rendered judgment on January 27, 1987 finding the dismissal was a final judgment and the motion to nullify moot. Plaintiffs appeal the denial of their motion for new trial.
Plaintiffs urge the settlement with State Farm is an absolute nullity because court approval was not obtained.
La.C.C.P. Art. 4265 provides:
With the approval of the court as provided in Article 4271, a tutor may compromise an action or right of action by or against the minor, or extend, renew, or in any manner modify the terms of an obligation owed by or to the minor.
La.C.C. Art. 3072 further provides:
A man to transact must have the capacity to dispose of the things included in the transaction.
The tutor of a minor or the curator of a person interdicted or absent can not make a transaction without being authorized thereto by the judge, (emphasis added)
Without court approval any settlement of a minor’s rights is a nullity. La.C.C.P. Art. 4265, Official Revision Comment (c); Chambers v. Chambers, 41 La.Ann. 443, 6 So. 659 (1889). There was no court approval of this settlement, hence, it is null.
La.C.C. Art. 2034 provides:
Nullity of a provision does not render the whole contract null unless, from the nature of the provision of the intention of th parties, it can be presumed that the contract would not have been made without the null provision.
The facts of the accident and the wording of the Release make it abundantly clear that settlement of the minor’s claims cannot be separated from settlement of the parents’ claims. Without release of the minor’s claims the contract would not have been made and the entire settlement must fall.
An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed....
La.C.C. Art. 2033.
Since the motion and order to dismiss purport to dismiss without court approval of the settlement the dismissal must also fall.
*136 Defendants’ reliance on Cooper v. Louisiana Farm Bureau Cas. Ins. Co., 481 So.2d 611 (La.1986) is misplaced. In Cooper the Supreme Court maintained an exception of res judicata by La. Farm Bureau. A previous suit had been dismissed, with prejudice, based on a court approved settlement to which La. Farm Bureau was not a party. The plaintiffs’ second suit was different only because additional claims were made.
In Cooper the plaintiffs were prevented from attacking a dismissal with prejudice simply by filing another suit. In this case the judgment of dismissal is attacked on direct appeal. As pointed out in Cooper, the dismissal of the first suit was subject to an action in nullity. Likewise, that relief would be available to plaintiffs herein if an appeal was unavailable.
Both judgments of dismissal are reversed. The case is remanded for further proceedings.
REVERSED AND REMANDED.

. Though styled as a "Petition" and sometimes referred to in brief as such, the action in nullity was presented under the same docket number. Because it was not filed as a separate suit, the district court properly treated the "petition” as a motion.