J^DWIN A. LOMBARD, Judge.

RELEVANT FACTS AND PROCEDURAL HISTORY

On or about May 19,1997, an automobile accident occurred involving a vehicle owned by Housing Authority of New Orleans (“HANO”) and being operated by Louis Smith. The other vehicle involved in the accident was a bus owned by Lake Castle Private School being operated by Robben Karr. The bus had twenty (20) children aboard, several of whom were injured, including Margaret Karr, the minor child of Clifton and Robben Karr. The HANO vehicle was insured under a Business Automotive Policy issued by Zurich-American Insurance Company (“Zurich”) with a single liability limit of $500,000.00. Zurich received and evaluated settlement demands and entered into settlement negotiations with several claimants.
Clifton Karr brought suit individually and on behalf of Margaret Karr. Robben Karr, by way of reconventional demand in a separately filed action, brought a claim in her individual capacity. On October 11, 1999, Zurich tendered its remaining policy limit of $239,110.70 to settle the Karrs’ claims. In return for 1 gZurich’s payment of its remaining policy limits, Robben and Clifton Karr, individually and as natural tutor of his minor child, dismissed, with full prejudice, the claims against Zurich. Both dismissals were with a reservation of rights to continue any and all actions against other named defendants. Zurich filed a Motion for Summary Judgment *3 seeking dismissal on the grounds that its policy limits were exhausted and it therefore no longer owed a duty of indemnity or a defense to its insureds. The trial court granted Zurich’s motion on June 4, 2002 and dismissed it from the lawsuit.
The Karrs subsequently proceeded with their claim against the remaining defendants. A third party, Ann Bell (“Bell”), was appointed provisional tutrix for Margaret Karr. Bell instituted the instant proceedings to judicially enforce the minor’s right to annul the judgment rendered against the minor. On or about July 10, 2002, Bell filed a Motion to Rescind and Annul Judgment of Dismissal and Reinstate Claims, seeking to vacate the Judgment of Dismissal rendered on or about October 29, 1999. On or about March 17, 2003, after hearing the law and evidence, the trial court granted the Motion to Vacate, Rescind and Annul Judgment of Dismissal and Reinstate Claims. The court also ordered that all parties be restored to the situation that existed before the indemnity agreement was entered into and the claims made by Clifton Karr, Robben Karr, and Clifton Karr, as natural tutor of Margaret Karr, be reinstated. Furthermore, the court ordered Zurich be restored to its position before the agreement was entered into by the Karrs, reimbursing the insurance company the amount of money received, 1.4239,110.70, less any sums paid to satisfy liens in favor of health care providers and attorneys. Finally, the trial court ordered that Zurich shall receive a credit for any sums not returned due to those sums having been paid to satisfy liens in favor of health care providers and attorneys, reserving all parties their rights to seek reimbursement of any moneys as may be required.
On or about March 25, 2003, Defendants filed a Motion for Rehearing or Alternatively a New Trial on the Motion to Vacate, Rescind, Annul Judgment of Dismissal and Reinstate Claims. On May 15, 2003, the trial court denied the motion. Defendants were granted an appeal on June 9, 2003.

LAW AND DISCUSSION

Appellate courts may only disturb a trial court’s findings of fact that are manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989).
In their first assignment of error, Defendants claim the trial court erred in finding Clifton Karr had to first obtain court approval before dismissing a lawsuit he, as the natural tutor, brought on behalf of his minor daughter, Margaret Karr. Defendants rely on La. R.S. 9:196 that, at the time the Karr settlement was entered into, provided in pertinent part:
A tutor, who is entitled to tutorship by nature, pursuant to the provisions of Section 2 of Chapter 1 of Title VII of Book 1 of the Civil Code and without qualification, may perform or discharge any act affecting any right or interest of the minor which involves less than seven thousand five hundred dollars.
1 ¿Plaintiffs argue that the tutor of a minor is restricted in his capacity to engage in such transactions to settle a lawsuit on behalf of a minor under the La. C.C. art. 3072, which provides, in pertinent part:
The tutor of a minor or the curator of a person interdicted or absent can not make a transaction without being authorized thereto by the judge.
Given the requisites of Louisiana law, Clifton Karr could properly settle Margaret Karr’s claims without judicial approval if her claim was valued at less than $7,500.00, or, with judicial approval if the claim was valued at more than $7,500.00.
In its reasons for judgment, the trial court explained:
An examination of the settlement agreement and the check drafted pursuant to *4 that agreement revealed that there is no apportionment of the settlement between each of the plaintiffs. Accordingly, there is no designation of the settlement proceeds of the minor Margaret Karr. Therefore, the Court cannot make a definitive determination on the amount of the minor’s settlement proceeds. Additionally, as there is no evidence presented on the minor’s injuries, the Court cannot evaluate said injury as being less than $7,500.00.
Accordingly, the trial court correctly determined that the provisions of La. R.S. 9:196 do not apply to the claims of the minor child, Margaret Karr.
Pursuant to La. C.C.P. art. 4265, a tutor such as Clifton Karr may compromise the claim of a minor with the approval of the court; but, when Margaret’s claims were compromised, there was no request for, nor receipt of, judicial authority for settlement as required by statute. Without court approval, the settlement, and the dismissal based on settlement, must be declared null. Ronquillo v. State Farm Insurance Co., 522 So.2d 134, 136 (La.App. 4 Cir.1988). Relying on Ronquillo, as the trial court did herein, we find no error in declaring the | .Judgment of Dismissal an absolute nullity and reinstating the claims of Clifton Karr, Robben Karr, and Clifton Karr, as natural tutor for Margaret Karr.
Next, Defendants argue that the trial court erred in not ordering the Karrs to return 100% of the $239,110.70 paid by Zurich as consideration for entering in the release agreement. Defendants suggest that all parties should be restored to the situation that existed before the “Receipt, Release, Hold Harmless and Indemnity Agreement” was entered into and cite La. C.C. art. 2033 that provides in pertinent part:
An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.
Both parties cite to La. C.C. art. 1921 that provides:
Upon rescission of a contract on the ground of incapacity, each party or his legal representative shall restore the other what he has received thereunder. When restoration is impossible or impracticable the court may award compensation to the party whom restoration cannot be made.
The trial court’s written reasons specifically provide:
It would be an improbability or impossibility for the Karrs to return any monies that were paid to satisfy liens in favor of healthcare providers and attorneys, therefore that sum of money shall be given to Zurich Insurance Company as a credit toward any future payment of claims on behalf of the Karrs and their minor child Margaret Karr. This judgment does not intend to preclude any other actions for recovery for liens, attorneys fees or any other causes of action which resulted from the settlement of the minor’s claim without court approval. Those are specifically reserved unto the parties.
The trial judge made appropriate efforts in his ruling on the return of consideration to protect all parties. We do not find the order to be manifestly erroneous or an abuse of discretion to give Zurich a credit for sums paid to satisfy the liens of the health care providers because of the improbability and expenses to obtain the | fireturn of those funds from the health care providers. However, we find the trial court’s failure to order the Karrs’ attorney to return the legal fees (their lien) that *5 they received from the $239,110.70 is manifestly erroneous because the problems were created by the attorneys’ failure to obtain court approval for the settlement of the minor’s claim as explained above. We find it unfair and unjust to not order the attorneys to return all fees that they received forthwith plus legal interest thereon from the date of their receipt by the Karrs, or to show cause to the contrary why judgment should not be rendered against them for the full amount of the fees, plus legal interest and costs. Accordingly, we remand this matter to the trial court for a determination of the gross amount of the fees received by the Karrs’ attorneys and for entry of a formal order for their immediate return plus legal interest and in default thereof for a formal judgment against them in Zurich’s favor for the amount of the fees, judicial interest from the date of Zurich’s payment of the settlement proceeds- to the Karrs, and costs.
In their third and final assignment of error, Defendants argue that interest should attach on the entire $239,110.70 from the date the aforementioned amount was tendered. The district court recognized that the Karrs did not personally receive $239,110.70 and clarified in open court on May 2, 2003, that legal interest would be due from the Karrs if the amount the court ordered returned to Zurich was not paid within 60 days. As discussed above, we clarify the trial court’s judgment to state that legal interest is owed by the Karrs on all money that they themselves (and that their attorneys received, as explained above) and that the health care providers received effective 60 days from the date of the trial court’s judgment to the extent that the Karrs are unable to return same to Zurich. See La. C.C. art. 2000.
17Finally, we reverse the trial court’s granting of summary judgment discharging Zurich from further liability and duty to defend. Obviously, by our order to return money paid to the Karrs or for their benefit, Zurich must continue to defend their insured, would be liable for judicial interest from the date of judicial demand upon their insured by all injured persons, and would have a duty to defend their insured in accordance with the contract of insurance between them and their insured. The payment of money into a concursus, assuming they properly named all potential claimants to the money, merely stopped the accrual of legal interest and created a fund from which court costs could be paid and deducted. It did not absolve them of a duty to defend. See La. C.C.P. art. 4658 et seq.
For the foregoing reasons, we affirm in part, reverse in part, amend in part, and remand this matter for further proceedings
AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART; REMANDED.