STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-844

MICKEY COLLINS

VERSUS

UNIVERSAL CASUALTY COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20101191
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

REVERSED AND REMANDED.

Matthew J. Hill, Jr.
Attorney at Law
4010 W. Congress, Suite 207
Lafayette, LA 70506
(337) 989-8100
Counsel for Defendants/Appellees:
    State Farm Mutual Automobile Insurance Company
    Nathan Heath

Leon Joseph Minvielle, III
Theodore M. "Trey" Haik, III
Eric T. Haik
Haik, Minvielle & Grubbs
P. O. Box 11040
New Iberia, LA 70562-1040
(337) 365-5486
Counsel for Defendant/Appellee:
    Our Lady of Lourdes Regional Medical Center, Inc.

R. Todd Musgrave
Amanda H. Aucoin
Musgrave, McLachlan & Penn, L.L.C.
1515 Poydras Street, Suite 2380
New Orleans, LA 70112
(504) 799-4300
Counsel for Defendants/Appellees:
     Universal Casualty Company
     Shentelle Lewis

Rebecca Coman Scopp
Morris Bart, L.L.C.
900 Poydras Street, 20th Floor
New Orleans, LA 70112
(504) 599-3204
Counsel for Plaintiff/Appellant:
     Mickey Collins

**DECUIR, Judge.**

Mickey Collins filed suit against Shentelle Lewis, Universal Casualty Company (UCC), and others for damages sustained in an automobile accident. Immediately after filing an answer, UCC filed a petition for concursus. Pursuant to the order attached to the concursus petition, both Lewis and UCC were dismissed from suit. Collins appealed their dismissal, and, for the following reasons, we reverse and remand.

On February 24, 2009, Collins was a guest passenger in a vehicle driven by Lewis. They were involved in an accident with Nathan Heath, and Collins filed suit against both drivers on February 19, 2010. Collins alleged in his petition that Lewis was insured by UCC. After requesting an extension of time in which to answer, UCC filed an answer on April 26, 2010 wherein it admitted only to having "issued a policy of insurance" and denied all other allegations of the petition. UCC did not name its insured, did not purport to answer for its insured, did not admit to any coverage on behalf of its insured, and did not attach a copy of its policy.

Immediately thereafter, on May 3, 2010, UCC filed its petition for concursus, naming as defendants Collins and certain health care providers. The petition prayed for the following:

1. Leave of court to file the concursus petition;

2. An order permitting the plaintiffs in concursus to deposit its policy limits of $10,000.00, with interest in the amount of $61.64 into the registry of the court;

3. An order that defendants in concursus shall not be awarded or permitted any further interest on the monies deposited by UCC;

4. An order that costs in these proceedings incurred subsequent to UCC's deposit into the registry of the court will be deducted from the monies placed into the court's registry by UCC;

5. An order relieving and discharging UCC and Shentelle Lewis from any further liability to defendants in concursus or any other party whatsoever;

6. An order dismissing UCC and Shentelle Lewis with prejudice from the above captioned cause of action;

7. An order requiring that all of the above named parties having claims to the funds deposited by UCC assert their respective claims contradictorily against all other parties to these proceedings; and

8. The issuance of service and citation according to law upon all defendants in concursus.

The trial court summarily granted UCC's petition. The court signed the proposed order attached to the petition which contained the entirety of UCC's prayer for relief. Both Lewis and UCC were dismissed. The order was signed on May 4, 2010, the day after the petition was filed.

More than a month after the order dismissing Lewis and UCC, UCC sought to supplement the concursus petition by adding additional defendants. The supplemental petition was allowed. Subsequently, Collins and two defendants answered the petition. In the meantime, UCC deposited $10,061.64 into the registry of the court, an amount UCC asserted was its policy limit plus interest from the date of judicial demand. On June 18, 2010, the trial court granted Collins' petition for devolutive appeal.

Louisiana Code of Civil Procedure Article 4651 defines a concursus proceeding as "one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." A concursus proceeding, in most cases, is subject to the rules applicable to an ordinary proceeding. La.Code Civ.P. art. 4662. Likewise, the procedure

2

governing service of citation and the delays for answering are the same as in an ordinary proceeding. La.Code Civ.P. art. 4655. A concursus proceeding is simply a vehicle whereby one who admits owing money to others may deposit that money into the registry of the court, thereby relieving himself of the liability for the money so deposited. La.Code Civ.P. art. 4658.

As these statutes make clear, a concursus proceeding is neither a summary proceeding nor a substitute for trial on the merits. It cannot be used for the adjudication of claims raised in the main demand. *Hollywood Casino Shreveport v. Shreveport Paddlewheels, LLC.*, 02-2134 (La.App. 4 Cir. 7/23/03), 853 So.2d 660, *writ denied*, 04-0098 (La. 3/19/04), 869 So.2d 857. It cannot be used to implead the claimant in a personal injury suit, such as Collins, the plaintiff in the instant case, "except by a casualty insurer which admits liability for the full amount of the insurance coverage[.]" La.Code Civ.P. art. 4652. In other words, as pertains to the instant case, a concursus proceeding cannot be used to determine Shentelle Lewis's exposure to an excess judgment, as the tortfeasor is not a proper plaintiff in concursus.

A concursus proceeding does not serve to relieve the plaintiff in concursus of all further liability, but rather, it can relieve that party of liability only for the funds deposited. *Clements v. Folse*, 01-1970 (La.App. 1 Cir. 8/14/02), 830 So.2d 307, *writ denied*, 02-2328 (La. 11/15/02), 829 So.2d 437. Also, an insurer who invokes a concursus may later be held to defend its insured. *Bowen v. Smith*, 03-0432 (La.App. 4 Cir. 9/8/04), 885 So.2d 1. In this case, UCC invoked the concursus without evidence of its coverage limits, duty to defend, or any other liabilities. Lewis joined as a plaintiff in concursus without proof that she will not be subject to an excess

3

judgment or other damages. We find the trial court's judgment in favor of UCC and Lewis to be clearly wrong.

The trial court erred in dismissing UCC and Shentelle Lewis from the personal injury suit asserted by Mickey Collins. The order signed by the trial court is reversed in its entirety, and this case is remanded for further proceedings. Costs of this appeal are assessed against UCC.

**REVERSED AND REMANDED.**