**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**


**12-647**


**SHELIA BOUDREAUX, ET AL.**

**VERSUS**

**ALFRED FRANKS, ET AL.**


**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**TWENTY-SEVENTH JUDICIAL DISTRICT COURT**
**PARISH OF ST. LANDRY, DOCKET NO. 11-0554-D**
**HONORABLE DONALD W. HEBERT, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Oswald A. Decuir and Shannon J. Gremillion, Judges.


**REVERSED AND REMANDED.**


**Gremillion, J., concurs and assigns written reasons.**


Chris Villemarette
Chris Villemarette, L.L.C.
3404 Moss Street
Lafayette, LA 70507
(337) 232-3100
**ATTORNEY FOR PLAINTIFF/APPELLANT**
     Torie Vidrine

Michael A. Triay
Triay Law Office, L.L.C.
820 Lafitte Street, Suite 105
Mandeville, LA 70448
(985) 674-7541
**ATTORNEY FOR DEFENDANTS/APPELLEES**
     Alfred Franks and L&B Transport, Inc.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On July 14, 2010, Torie Vidrine, a minor at the time, was driving a vehicle owned by her step-father, Carl Boudreaux, east on U.S. Highway 190 in St. Landry Parish. At the time in question, Alfred Franks, who was driving a tractor-trailer while in the employ of L&B Transport, Inc., exited a parking lot and was attempting to cross the eastbound lanes of U.S. Hwy. 190 in order to turn into the westbound lanes. After entering the roadway, he was forced to come to a stop to allow a westbound vehicle to pass his waiting vehicle in order to accomplish the turn into the westbound lanes. While he was stopped, the car driven by Vidrine collided with Franks' tractor-trailer. As a result of the accident, Vidrine suffered a broken collar bone and other injuries. The vehicle she was operating was also severely damaged and classified as a total loss.

On November 15, 2010, Franks and L&B Transport filed suit in the Nineteenth Judicial District Court in East Baton Rouge Parish against Shelia Boudreaux, Torie Vidrine's mother, and the insurer of the vehicle, State Farm. They alleged Vidrine was negligent in not paying attention, failing to see the tractor-trailer in the road, and traveling at an excessive rate of speed. The suit was not served on these defendants until February 24, 2011. It was asserted that Franks suffered personal injuries as a result of the accident, and that L&B Transport suffered loss of revenue, as well as damage to its property. An attorney for State Farm, in the name of Boudreaux and State Farm, answered the petition on March 22, 2011.

On February 1, 2011, Shelia Boudreaux, on behalf of her minor daughter, Torie Vidrine, filed suit against Franks, L&B Transport and Insurance Company of Pennsylvania in the Twenty-Seventh Judicial District Court in St. Landry Parish. It was alleged Franks operated the vehicle in a reckless and negligent manner, and

2

as his employer, L&B Transport was liable for the personal injuries sustained by Torie Vidrine due to the acts of negligence committed by Franks. The defendants to this suit answered the petition on March 14, 2011.

While both suits were pending, Carl Boudreaux, Torie's step-father (the owner of the vehicle she was driving), reached a settlement on February 27, 2011, for the damages to his vehicle. He received $3,600.00 from L&B Transport, which was the blue book value of the vehicle.

State Farm defended the action filed in East Baton Rouge Parish, and quickly negotiated a settlement. William Janney, who was the attorney for State Farm, testified the date settlement was reached was April 4, 2011. State Farm relied on the terms of its policy to exercise its exclusive authority to negotiate without seeking Torie Vidrine's or Shelia Boudreaux's approval. We note neither Shelia Boudreaux nor Torie Vidrine were named insureds in the policy issued by State Farm; and therefore, they were not privy to the contract State Farm relied upon in making the unilateral decision to pay and authorize dismissal of the East Baton Rouge Parish suit. Both Franks and L&B Transport agreed to settle their claims for $500.00 each. According to Mr. Janney, the $500.00 figure came from Franks and L&B Transport. Mr. Janney noted that "it made no sense" not to accept these settlement offers and close the file on this case. He also confirmed that no discovery was conducted on this matter. Mr. Janney stated he did have several conversations with Chris Villemarette, who represented Ms. Boudreaux in the lawsuit filed in St. Landry Parish, and that Mr. Villemarette was aware of the lawsuit filed in East Baton Rouge Parish. Mr. Janney also stated he informed Mr. Villemarette of State Farm's intention to settle the lawsuit in East Baton Rouge Parish. The Order to Dismiss with Prejudice was signed in East Baton Rouge Parish on May 3, 2011.

In the meantime, discovery was conducted in the lawsuit pending in St.

3

Landry Parish. On July 11, 2011, a pre-trial conference was conducted and a trial date for January 19, 2012 was set. However, on December 22, 2011, defendants filed a peremptory exception of res judicata asserting that the dismissal with prejudice of the suit filed in East Baton Rouge Parish was in effect a dismissal of the lawsuit filed in St. Landry Parish. Defendants argued La.Code Civ.P. art. 1061 required Shelia Boudreaux to file a reconventional demand in the East Baton Rouge lawsuit for all causes of action that she may have had that arose out of the same transaction or occurrence that was the subject matter of the principal litigation in that matter. Defendants also point out Boudreaux failed to file an Exception of Lis Pendens under La.Code Civ.P. art. 531 in the East Baton Rouge Parish lawsuit, and note "when the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." Therefore, it requested the trial court in St. Landry Parish give res judicata effect to the Order of Dismissal from East Baton Rouge Parish. The trial court, despite "grand reluctance" on its part, granted the exception of res judicata and dismissed the lawsuit in St. Landry Parish. It reasoned that because no reconventional demand was filed by Plaintiff under La.Code Civ.P. art. 1061, the exception of res judicata was proper. This appeal followed.

## ANALYSIS

"The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court's decision is legally correct." *Fletchinger v. Fletchinger*, 10-474, p. 4 (La.App. 4 Cir. 1/19/11), 56 So.3d 403, 405. "[T]he doctrine of res judicata is *stricti juris* and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application." *Id.*, 10-474, p. 5, 56 So.3d at 406.

Louisiana Revised Statute 13:4231, Louisiana's res judicata statute, states:

4

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Louisiana Code Civil Procedure Article 1061 addresses compulsory reconventional demands:

A.    The defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.

B. The defendant in the principal action, except in an action for divorce under Civil Code Article 102 or  103 or in an action under Civil Code Article 186, shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.

A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.  La.Code Civ.P. art. 1673; *Cuccia v. Jefferson Parish School Board*, 613 So.2d 1141 (La.App. 5 Cir.1993).  A final judgment is conclusive between the parties except on direct review under La.R.S. 13:4231.

La.R.S. 13:4232 sets forth exceptions to the doctrine of res judicata.  It provides, in pertinent part, that a judgment does not bar another action by the plaintiff when **exceptional circumstances** justify relief from the res judicata effect of the judgment.  We find quite clearly in this case that legal exceptions exist which require denial of defendants' exception of res judicata.

5

Defendants argue it is entitled to res judicata effect because of the following factors: (1) the Order of Dismissal in the East Baton Rouge Parish court is valid; (2) the Order of Dismissal in the East Baton Rouge Parish court is final; (3) the parties in the lawsuit filed in East Baton Rouge Parish are the same parties as those in the lawsuit filed in St. Landry Parish; (4) the causes asserted in the lawsuit filed in St. Landry Parish existed at the time of the final judgment in the East Baton Rouge Parish lawsuit; and (5) the causes or causes of action asserted in the lawsuit filed in St. Landry Parish arose out of the same transaction or occurrence as was the subject matter in the East Baton Rouge Parish lawsuit.

We disagree with Defendants' assertions. The record establishes there is a major legal impediment to the application of res judicata in this case. In Louisiana, a minor's claim cannot be dismissed by a lawsuit without complying with certain legal formalities.[1] In cases involving natural tutors (which Shelia Boudreaux was in this case), a minor's claim for damages may only be settled without judicial approval if the value of the claim is less than $10,000.00, or with judicial approval if it is valued greater than $10,000.00.

La.R.S. 9:196 provides in pertinent part:

> A tutor, who is entitled to tutorship by nature, pursuant to the provisions of Section 2 of Chapter 1 of Title VII of Book 1 of the Civil Code and without qualification, may perform or discharge any act affecting any right or interest of the minor which involves not more than ten thousand dollars.

Louisiana Civil Code Article 3072 also provides the "tutor of a minor or the curator of a person interdicted or absent cannot make a transaction without being authorized thereto by the judge." Thus given the requirements found in Louisiana law, Torie's claim could only be settled without judicial approval if her claim was

---

[1] During the pendency of this matter, Torie Vidrine reached the age of majority. However, nothing was presented in the record by Defendants to indicate she reached the age of majority prior to the execution of the Order to Dismiss with Prejudice in East Baton Rouge Parish.

valued at less than $10,000.00, see *Bowen v. Smith*, 03-432, 03-1562 (La.App. 4 Cir. 9/8/04), 885 So.2d 1; and only if her natural tutrix consented to the settlement.

In this case, the minor and her mother (the natural tutrix) indicate at no time did they consent to any agreement to compromise the minor's personal injury claim in the East Baton Rouge proceeding. All we have in the record are snippets from the deposition of State Farm's attorney, Mr. Janney, indicating that there was a settlement agreement reached between State Farm, Franks and L&B Transport. The actual settlement agreement was not introduced in the trial court in this proceeding.

The value of the minor's claim must be indicated in the settlement agreement or in the claim for damages. There is nothing in this record setting forth the value of Torie's claim at the time the dismissal was entered. Further, after review of this record we find nothing to indicate that the minor's claim is reasonably valued below $10,000.00. Torie required assistance to exit the vehicle following the accident. She sustained a broken collar bone, and claimed further injuries to her spine and knee.

Shelia Boudreaux did not execute any agreement purporting to value her daughter's claim for personal injuries at less than $10,000.00. Furthermore, the record contains no request for, nor receipt of, court approval for settlement of the minor's claim as required by statute. "Without such court approval, the settlement, and the dismissal based on settlement, must be declared null" as a matter of law. *Bowen*, 885 So.2d at 4, citing *Ronquillo v. State Farm Insurance Co.*, 522 So.2d 134, 136 (La.App. 4 Cir.1988).

Defendants were put on notice that the minor was pursuing a claim and in order to compromise that claim, certain legal formalities needed to be complied with in the East Baton Rouge proceedings. This compliance requires more than technical reliance on the reconventional demand requirement of La.Code Civ.P.

art. 1061 and the res judicata provisions found in La.R.S. 13:4231. The latter and more general provisions must always yield to the more specific and special provisions of laws regulating the settlement of a minor's personal injury claim. Defendants have presented nothing in this proceeding other than references to State Farm's attorney's verbal revelations to Mr. Villemarette (the attorney for the minor's tutrix) of State Farm's *unilateral* intent to settle the claims then pending in East Baton Rouge Parish. The law clearly requires more than this in cases involving minors and we are required to not give legal efficacy to any settlement or judgment having the effect of dismissing the minor's claim without strict compliance with the formalities mandated by Louisiana law.

Further, the *dismissal with prejudice* was entered in East Baton Rouge Parish prior to the running of prescription on Torie Vidrine's tort claim. The accident at issue occurred on July 14, 2010, and the Order of Dismissal with Prejudice was executed on May 3, 2011. State Farm's alleged contractual authority to "unilaterally" act in this case did not extend to compromising Torie Vidrine's tort claim--she was not its named insured and neither she nor her mother granted State Farm's attorney consent to bargain away her pending tort claims against Defendants. Moreover, Defendants cannot be heard to complain now that Torie's claim was not raised as a reconventional demand in the East Baton Rouge Parish lawsuit when the full dismissal of the suit with prejudice was orchestrated between them and State Farm prior to the running of the time Torie could have asserted her reconventional tort claim. To insist that she had to beat them to the courthouse in Baton Rouge to prevent Defendants and State Farm from prematurely waiving or abandoning her reconventional claim would seriously trample on the statutory timeline established for the filing of tort claims in Louisiana; and Defendants' insistence now that Shelia Boudreaux failed to file a reconventional demand seems disingenuous considering Defendants and State

8

Farm rushed to the courthouse with full intent to prematurely lock the door behind them before Shelia Boudreaux could discover their true purpose, i.e., to take advantage of a deal too good to be legally true.  Therefore, the judgment rendered in East Baton Rouge Parish cannot have res judicata effect.

## DECREE

The trial court's judgment granting the exception of res judicata is hereby reversed, and the matter is remanded for further proceedings consistent with this opinion.  All costs of this appeal are assessed to defendants-appellees.

**REVERSED AND REMANDED.**

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**12-647**

**SHELIA BOUDREAUX, ET AL.**

**VERSUS**

**ALFRED FRANK, ET AL.**

**GREMILLION, Judge, concurs and assigns written reasons.**

Because I find the majority's treatment of State Farm to be gratuitously disparaging, I can only concur.